UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA BAKER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-00977 |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Honorable Sara L. Ellis |
| CASSAVA SCIENCES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF MOHAMMAD BOZORGI'S MOTION TO INTERVENE, TRANSFER, AND VACATE LEAD-PLAINTIFF DEADLINE**

4867-8849-7583.v7

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    THE UNDERLYING SECURITIES FRAUD CLAIMS ....................................2

III.   PROCEDURAL BACKGROUND........................................................................4

IV.    STATUTORY FRAMEWORK FOR LEAD-PLAINTIFF SELECTION UNDER
       THE PSLRA .........................................................................................................5

V.     LEAD PLAINTIFF SHOULD BE PERMITTED TO INTERVENE FOR THE
       LIMITED PURPOSE OF TRANSFERRING THIS CASE ................................6

       A.     Lead Plaintiff Is Entitled to Intervene......................................................6

              1.     This Motion Is Timely. ...................................................................7

              2.     Lead Plaintiff Has an Interest in This Case. ..................................7

              3.     This Case May Impair and Impede Lead Plaintiff's Ability to
                     Protect His Interests and Those of the Class..................................8

              4.     Baker Does Not Adequately Represent Lead Plaintiff's Interests
                     and Those of the Class. ...................................................................9

       B.     Alternatively, Permissive Intervention Is Warranted..............................10

VI.    THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT
       OF TEXAS FOR CONSOLIDATION BEFORE JUDGE EZRA....................11

VII.   THE LEAD PLAINTIFF DEADLINE SHOULD BE VACATED OR
       STRICKEN .........................................................................................................13

VIII.  CONCLUSION...................................................................................................15

4867-8849-7583.v7

Court-appointed Lead Plaintiff Mohammad Bozorgi ("Lead Plaintiff" or "Bozorgi") in the related action, *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-cv-00751-DAE (W.D. Tex.) ("Consolidated Action"), pending before Senior U.S. District Judge David A. Ezra in the Western District of Texas, respectfully submits this memorandum in support of his motion to intervene, transfer, and vacate or strike the April 2, 2024 lead-plaintiff deadline noticed in this case.

## I.      INTRODUCTION

Over two years ago, Judge Ezra appointed Bozorgi over nine competing candidates to serve as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") in the Consolidated Action against Cassava Sciences, Inc. ("Cassava" or the "Company") and its top executives for violations of the Securities Exchange Act of 1934 ("Exchange Act") arising out of the same fraud alleged here.  Plaintiff Cassandra Baker ("Baker") is represented here by the Pomerantz firm, which is well aware of Bozorgi's lead-plaintiff status because it lost that motion with another client before Judge Ezra.  Consol. ECF 59 at 1.[1]  The same day Judge Ezra appointed Bozorgi as lead plaintiff instead of Pomerantz's client, the court issued a consolidation order for all future cases that "arise out of the same facts and claims" and ordered the parties to notify the court of any related case later filed in or outside the district.  Consol. ECF 58, ¶5.

Since then, the Consolidated Action has proceeded successfully under Lead Plaintiff's direction, by and through court-appointed Lead Counsel.  Lead Plaintiff filed a comprehensive 169-page consolidated complaint (Consol. ECF 68) ("Complaint"), defeated defendants' motion to dismiss, is aggressively pursuing discovery, and has now filed a motion for class certification.

---

[1]      All "Consol. ECF __" references are to the Consolidated Action.  All "*Baker* ECF __" references are to this case, *Baker v. Cassava Scis., Inc., et al.*, No. 1:24-cv-00977 (N.D. Ill. Feb. 2, 2024).  Additionally, all pinpoint citations to ECF references are to the pages automatically generated by the CM/ECF system.

*See* Consol. ECF 148.  After additional developments relating to the core theory of liability came to light last fall, Lead Plaintiff moved to supplement the Complaint and to extend the Class Period accordingly.  *See* Consol. ECF 129.  In other words, Lead Plaintiff is adequately representing the interests of Cassava investors in the Consolidated Action.

Nevertheless, after losing lead-plaintiff in the Consolidated Action, Pomerantz has filed a new case in this District, where no defendant is located and where Judge Ezra's jurisdiction does not reach.  The sole basis for filing here is an investor who purchased ***4 shares***.  *Baker* ECFs 1 at 4, 1-2 at 1.  The civil cover sheet omits the Consolidated Action.  *Baker* ECF 2 at 1.  And while Pomerantz has not notified Judge Ezra of this case,[2] it has published a notice informing Cassava investors they have until April 2 to seek appointment as lead plaintiff in this case.  Such an end-run of one federal judge's orders, and the waste of another's time and resources, cannot be abided.

In enacting the PSLRA, Congress mandated an orderly procedure for selecting lead plaintiffs to direct private securities litigation to maximize the recovery for investors.  *See Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).  Applying that law, Judge Ezra appointed Bozorgi lead plaintiff in the private securities litigation against the Cassava defendants for their alleged fraud concerning simufilam.  That decision should stand.

Lead Plaintiff respectfully requests that this Court grant its requests for intervention, to transfer this case to the Western District of Texas, and vacate the April 2 lead-plaintiff deadline.

## II.  THE UNDERLYING SECURITIES FRAUD CLAIMS

Both this action and the Consolidated Action allege violations of the Exchange Act and SEC Rule 10b-5 against defendants Cassava, founder and CEO Remi Barbier, and CFO Eric

---

[2]  Plaintiffs (defined in §III, *infra*) filed a Notice of Related Case on February 29, 2024.  *See* Consol. ECF 142.

4867-8849-7583.v7

Schoen arising out of their fraudulent scheme concerning Cassava's primary drug candidate, an experimental Alzheimer's disease treatment called "simufilam."[3] *Compare* Consol. ECF 68, ¶¶1, 55, 69, *with Baker* ECF 1, ¶¶1, 6, 15-17. Both actions allege defendants misled investors about simufilam's pre-clinical and clinical research, including by concealing data manipulation and other scientific misconduct. *Compare* Consol. ECF 68, ¶¶105-109, 143-251, *with Baker* ECF 1, ¶6. And both allege defendants misled investors about a 2021 Citizen Petition filed with the U.S. Food and Drug Administration raising "grave concerns about the quality and integrity of the laboratory-based studies surrounding" simufilam. *Compare* Consol. ECF 68, ¶¶12-13, *with Baker* ECF 1, ¶5.

As a result of the 2021 Citizen Petition, the City University of New York ("CUNY") began investigating Cassava's chief scientific collaborator, Dr. Wang. Consol. ECF 68, ¶¶28, 367-368. It was not until October 12, 2023, that the CUNY investigation's results were revealed in an article published by the journal *Science*. According to a "final" 50+ page report ("CUNY Report"), CUNY investigators found egregious scientific misconduct involving research papers used to support simufilam's pre-clinical and clinical trials. The CUNY Report detailed data manipulation and destruction, and faulted Cassava's Dr. Burns for some of the misconduct. *See* Consol. ECF 129-3, Supp. ¶¶1-7. The *Science* article also revealed Dr. Burns and Dr. Wang could not provide any "original" or "raw" data to investigators, contradicting defendants' earlier claims. *Id.* On this news, Cassava's stock price dropped 31.5%. *Id.*, Supp. ¶5. Lead Plaintiff was aware of, and has moved to supplement the Complaint with these events. Consol. ECF 129. However, Pomerantz now seeks to bring a new case on these subsequent, but related events.

---

[3]    The Consolidated Action also names as an individual defendant, Dr. Lindsay Burns, Cassava's Senior Vice President of Neuroscience and CEO Barbier's wife. Consol. ECF 68.

4867-8849-7583.v7

## III.    PROCEDURAL BACKGROUND

The initial complaint in the Consolidated Action was filed on August 27, 2021, in the Western District of Texas.  Consol. ECF 1.  On October 29, 2021, Pomerantz, counsel for Baker, moved for appointment of another client as lead plaintiff in the Consolidated Action.  Consol. ECF 38.  Pomerantz later filed a notice of non-opposition on November 9, 2021.  Consol. ECF 50.

On June 30, 2022, Judge Ezra appointed Bozorgi as lead plaintiff and denied Pomerantz's motion.  Consol. ECF 59 at 1.  The same day, Judge Ezra issued an order consolidating four related securities class actions against Cassava in the Western District of Texas.  Consol. ECF 58.  The consolidation order extends to all future cases that "arise out of the same facts and claims" and requires parties to notify the court of any related case filed in or outside the district.  *Id*., ¶5.

On August 18, 2022, Lead Plaintiff and additional plaintiffs Ken Calderone and Manohar K. Rao (collectively, "Plaintiffs") filed the Complaint on behalf of all purchasers or acquirers of Cassava securities between September 14, 2020 and July 26, 2022.  Consol. ECF 68.  On May 11, 2023, after full briefing and a hearing, Judge Ezra denied defendants' motion to dismiss the Consolidated Action.  Consol. ECF 104.  Discovery commenced shortly thereafter.

The parties to the Consolidated Action went to mediation in November 2023.  Consol. ECF 129.  In advance of the mediation, the parties stipulated to an extended pre-trial schedule to conserve resources.  Consol. ECFs 114, 117.  After the mediation proved unsuccessful, the parties resumed active litigation.  Consol. ECF 129.

On December 8, 2023, Lead Counsel advised defendants' counsel that Plaintiffs would seek damages at trial for the stock drop following the October 12, 2023 *Science* article.  Consol. ECF 129-4.  Defendants objected to Plaintiffs' ability to recover damages for events not alleged in the complaint, so Plaintiffs sought their consent to supplement the Complaint accordingly.  *Id.* at 4.  On January 3, 2024, defendants advised of their opposition to the supplement.  *Id.* at 1-3.

- 4 -

4867-8849-7583.v7

On February 2, 2024, this case was filed on behalf of Baker and a putative class of purchasers or acquirers of Cassava securities. The purported class period begins one month after the initial Class Period in the Consolidated Action, starting on August 18, 2022, through the publication of the *Science* article, on October 12, 2023. *Baker* ECF 1. Like the Consolidated Action, this case alleges violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 against Cassava, Remi Barbier, and Eric Schoen. *Id.*, ¶¶1, 15-17. Also like the Consolidated Action, this case alleges Cassava concealed that the pre-clinical and clinical research underlying simufilam was tainted by data manipulation. *Id.*, ¶6. And Baker, like Plaintiffs in the Consolidated Action, alleges that defendants wrongfully denied the allegations in the Citizen Petition as well as the CUNY Report's conclusion that "found evidence highly suggestive of deliberate scientific misconduct" by Dr. Wang. *Id.*, ¶¶4, 7.

In the Consolidated Action, after reaching impasse with defendants, Lead Plaintiff moved to supplement the Complaint on February 22, 2024, to include the *Science* article and extend the Class Period accordingly. Consol. ECF 129. On March 13, 2024, Lead Plaintiff moved in the Consolidated Action to certify a class of purchasers or acquirers of Cassava securities from September 14, 2020 through October 12, 2023, inclusive. Consol. ECF 148.

On March 13, 2024, Lead Counsel met and conferred telephonically with counsel for Baker at the Pomerantz firm to seek consent to the relief sought in this motion. Counsel for Baker advised that they would oppose both transfer and intervention at present. This motion followed.

## IV. STATUTORY FRAMEWORK FOR LEAD-PLAINTIFF SELECTION UNDER THE PSLRA

The PSLRA establishes an orderly procedure for appointing a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

- 5 -

4867-8849-7583.v7

The "'main purpose'" of having a lead plaintiff is "'to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole.'" *Mortimer v. Diplomat Pharm. Inc.*, 2019 WL 4934602, at *4 (N.D. Ill. Oct. 7, 2019).[4]  Among other things, lead plaintiff is given "'control over aspects of litigation such as discovery, choice of counsel, [and] assertion of legal theories.'" *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1165 (9th Cir. 2023); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.,* 2013 WL 4399215, at *3 (S.D.N.Y. Aug. 13, 2013) ("[A] lead plaintiff has the sole authority to determine what claims to pursue on behalf of the class.").

Allowing this case to go forward in this District would subvert the PSLRA's statutory framework by usurping the role of the lead plaintiff to prosecute related claims.  Lead Plaintiff should be permitted to intervene for the limited purpose of transfer to the Western District of Texas where it can proceed under the structure put in place by Judge Ezra in the Consolidated Action.

## V.    LEAD PLAINTIFF SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF TRANSFERRING THIS CASE

The first step is to grant Lead Plaintiff intervention for the limited purpose of seeking transfer.  As explained below, Lead Plaintiff is entitled to intervene as a matter of right under Federal Rule of Civil Procedure ("Rule") 24(a)(2) or, alternatively, should be granted permissive intervention under Rule 24(b)(1)(B).

### A.    Lead Plaintiff Is Entitled to Intervene.

Lead Plaintiff is entitled to intervene under Rule 24(a)(2).  A "'motion to intervene as a matter of right . . . should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint.'" *Reich v.*

---

[4]    Unless otherwise noted, all citations are omitted and emphasis is added throughout.

- 6 -

4867-8849-7583.v7

*ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). Rule 24(a)(2) "confers a right of intervention upon one who 'claims an interest relating to' the subject matter of the suit in which he wants to intervene, provided that the disposition of the suit might 'impair or impede' his ability to protect that interest and the interest is not 'adequately represented' by a party to the suit." *Solid Waste Agency of N. Cook Cnty. v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 505 (7th Cir. 1996) (Posner, C.J.). In addition to these factors, courts have considered timeliness. *See City of Joliet v. Mid-City Nat'l Bank of Chi.*, 2015 WL 13747187, at *2 (N.D. Ill. May 4, 2015) (granting motion to intervene). Lead Plaintiff meets all four factors as set forth below.

### 1.      This Motion Is Timely.

First, the motion is timely. "The test for timeliness is essentially one of reasonableness: 'potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly.'" *Reich*, 64 F.3d at 321. In *Reich*, the Seventh Circuit held that a motion to intervene was timely when the intervenors had learned of the case a year-and-a-half before. *See id.* Here, *Baker* was filed last month, and the April 2 purported lead-plaintiff deadline has not yet run. The motion is timely.

### 2.      Lead Plaintiff Has an Interest in This Case.

Second, Lead Plaintiff has an interest in the subject matter of the case. "In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." *Reich*, 64 F.3d at 322.

Here, the issues to be resolved in this case are nearly identical to the Consolidated Action, and Lead Plaintiff has an interest in the favorable resolution of these overlapping issues as court-appointed lead plaintiff in the Consolidated Action. *See Mortimer*, 2019 WL 4934602, at *4 (purpose of PLSRA lead plaintiff is "'to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole'"). Judge Ezra appointed Lead

- 7 -

4867-8849-7583.v7

Plaintiff to represent investors against these defendants for the same claims about the same fraud, bestowing upon him the authority to direct the prosecution of any related claims. Consol. ECFs 58-59. Further, Lead Plaintiff has moved in the Consolidated Action to certify a Class that subsumes the putative class here. *Compare* Consol. ECF 148 at 5 (class period of Sept. 14, 2020 to Oct. 12, 2023), *with Baker* ECF 1, ¶1 (class period of Aug. 18, 2022 to Oct. 12, 2023).

Courts find overlapping facts, claims, and defendants demonstrate an interest in the case. *See, e.g.*, *Sea Tow Servs. Int'l, Inc. v. Tampa Bay Marine Recovery, Inc.*, 2021 WL 327653, at *4 (E.D.N.Y. Feb. 1, 2021) (finding interest where cases had overlapping legal and factual issues); *see also Earls v. Syed*, 2023 WL 4486713, at *3 (7th Cir. July 12, 2023) (consolidating cases due to overlapping defendants and facts), *cert. denied* __ U.S. __, 2024 WL 1143742 (Mar. 18, 2024); *Stitt v. On Deck Cap., Inc.*, 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (consolidating cases alleging Exchange Act violations); *Kin-Yip Chun v. Fluor Corp.*, 2020 WL 2745527, at *4 (N.D. Tex. May 26, 2020) (consolidating cases with "'overlapping factual questions, overlapping defendants, an overlapping class period'"); *Pipefitters Loc. No. 646 Defined Benefit Plan v. Bank of Am.*, 275 F.R.D. 187,192 (S.D.N.Y. 2011) ("overlapping class periods").

Further, Cassava had no revenues during the Class Period, as it has no approved commercial therapies or products available for sale. Consol. ECF 148-7, ¶24. Thus, Lead Plaintiff has an interest in any insurance coverage and funds available for satisfying a settlement or judgment as to the claims. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 593 (N.D. Ill. 1998) ("An interest in a specific settlement fund likewise satisfies Rule 24(a)'s interest prong.").

### 3.   This Case May Impair and Impede Lead Plaintiff's Ability to Protect His Interests and Those of the Class.

Third, disposition of this case may impair and impede Lead Plaintiff's ability to protect his interests and those of the Class. Courts find impairment to exist where a ruling on a legal question

4867-8849-7583.v7

would practically, "foreclose rights of the proposed intervenor in a subsequent proceeding." *Lake Invs. Dev. Grp., Inc. v. Egidi Dev. Grp.*, 715 F.2d 1256, 1260 (7th Cir. 1983). Here, in addition to potentially impacting funds available to satisfy a settlement or judgment, there is a risk of inconsistent rulings defendants could try to exploit. *See Pactiv Corp. v. Multisorb Techs., Inc.*, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15 2011) ("[C]onsolidation may be ordered where there is a risk of inconsistent rulings."). Indeed, defendants plan to move to dismiss this case, presumably based on arguments made and lost before Judge Ezra about loss causation. *See* Consol. ECF 104. Defendants' desired outcome would, thus, lead to inconsistent rulings. The third factor is met.

### 4.    Baker Does Not Adequately Represent Lead Plaintiff's Interests and Those of the Class.

Last, Baker does not adequately represent the interests of Lead Plaintiff. This factor is satisfied if the representation "'may be'" inadequate, and the burden is "'minimal.'" *Lake Invs. Dev. Grp., Inc.*, 715 F.2d at 1261.

Here, denying intervention would undermine Judge Ezra's lead-plaintiff appointment and consolidation order in the Consolidated Action. Counsel for Baker lost lead plaintiff in the Consolidated Action, and now seeks to end-run Judge Ezra and the PSLRA lead-plaintiff process by filing a new case in another district. This is the type of behavior that the PSLRA was designed to prevent. *See Lax*, 1997 WL 461036, at *4 (PSLRA intended "to have lead plaintiffs appointed as soon as practicable" and avoid the potential indefinite delay caused by later-filed complaints).

Further, this case only accounts for a portion of the Class Period for which Lead Plaintiff moved to certify in the Consolidated Action. *Compare* Consol. ECF 148 (seeking to certify class period of Sept. 14, 2020 to Oct. 12, 2023), with *Baker* ECF 1, ¶1 (Aug. 18, 2022 to Oct. 12, 2023). Moreover, fraud can be revealed through a series of corrective disclosures so it was predictable that Lead Plaintiff in the Consolidated Action would move to supplement the claims with the

additional stock drop after the *Science* article. *See, e.g.*, *Hedick v. Kraft Heinz Co.*, 2021 WL 3566602, at *16 (N.D. Ill. Aug. 11, 2021) ("Plaintiffs need not point to a single revelation that exposes the entirety of the alleged fraud. Rather, loss causation may be pled on a theory of partial disclosures."). This explains why there was a rush to file this case without notice to Judge Ezra.

Finally, Baker only purchased ***four shares*** of Cassava stock, a *de minimus* amount. In contrast, Judge Ezra selected Lead Plaintiff as best situated to represent the Class based on his losses of ***over $1.5 million***. Consol. ECF 59 at 6. Judge Ezra's decision to appoint Lead Plaintiff over two years ago should be afforded deference. Lead Plaintiff is entitled to intervene.

### B.      Alternatively, Permissive Intervention Is Warranted.

Intervention is also appropriate under Rule 24(b), which permits intervention where, as here: (1) the motion is timely; (2) intervenors have a "claim or defense that shares with the main action a common question of law or fact"; and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "'[I]ntervention under 24(b)(2) is entirely discretionary'" and "has been interpreted to permit intervention more liberally than does subsection (a)(2)." *Discovery Zone*, 181 F.R.D. at 598 & n.9.

Here, Lead Plaintiff satisfies all three factors. ***First***, as discussed above, Lead Plaintiff promptly moved to intervene in this case, filed just last month, prior to the purported deadline for lead-plaintiff motions in this case of April 2, 2024. *See* §V.A.1., *supra*. The motion is thus timely.

***Second***, this case shares common questions of law and fact with the Consolidated Action. *See* §V.A.2., *supra.* These include whether defendants: (1) violated the Exchange Act and SEC Rule 10b-5; (2) acted knowingly or with deliberate recklessness; (3) artificially inflated stock price; and (4) caused Cassava investors to sustain damages. *Id.* Further, Lead Plaintiff has moved to certify a class in the Consolidated Action that subsumes the class period in this case. Consol. ECF 148.

4867-8849-7583.v7

***Third*** and finally, intervention will not unduly delay or prejudice Baker's rights. In this case, there has been no decision on lead plaintiff, let alone sufficiency of the pleading or taking of discovery. Intervention for the limited purpose of transfer and consolidation of this case with the Consolidated Action, which has already survived a motion to dismiss and is actively in discovery, will streamline, rather than delay or prejudice Baker's rights. *See* §III, *supra.* The Class, including Baker, is thus well represented by Lead Plaintiff. Intervention is warranted.

## VI.    THIS ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS FOR CONSOLIDATION BEFORE JUDGE EZRA

The next step is to transfer this case pursuant to 28 USC §1404(a). This statute provides that, *inter alia*, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 USC §1404(a). "The purpose of § 1404(a) is to 'prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Ballotti v. Oppenheimer Funds, Inc.*, 2011 WL 13382871, at *3 (N.D. Ill. Feb. 23, 2011) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The threshold question is whether this case could have been brought originally in the transferee forum, *i.e.*, the Western District of Texas. *See* 28 U.S.C. §1404(a). The answer is plainly yes, because Cassava is headquartered there and the securities suit arising out of the same core facts is pending there. It is also where defendants engaged in their fraudulent scheme, including disseminating false or misleading statements about simufilam. Consol. ECF 68, ¶50. Further, the Western District of Texas has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §27 of the Exchange Act. *Id.*, ¶49. And finally venue is proper in the Western District of Texas because the court has personal jurisdiction over Defendants under 28 U.S.C. §1391(b) and

- 11 -

§27 of the Exchange Act.  *Id.*, ¶50.  Therefore, while this case never should have been separately filed, if insistent upon doing so, Baker could have filed this case in the Western District of Texas.

Further, transferring this case to the Western District of Texas would foster judicial efficiency.  *See Ballotti*, 2011 WL 13382871, at *6 ("Transfer to that district will save judicial resources, as well as the time and energy of the litigants and witnesses involved."); *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (parallel litigation "leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent").  The scheme giving rise to the claims is the same, the defendants are the same, and the legal theories are the same.  *See* §V.A.2., *supra*.  This case should, therefore, be transferred to the Western District of Texas and consolidated with the other cases before Judge Ezra, who has ably overseen the litigation for over two years.

Although not strictly followed in the Seventh Circuit, the first-to-file rule also counsels in favor of transfer.  *See, e.g., Vanguard Prods. Grp., Inc. v. Protex Int'l. Corp.*, 2006 WL 695700, at *2, *5 (N.D. Ill. Mar. 14, 2006) ("For the presumption of the first-to-file rule to be overcome, there must be a clear showing that it would be unjust or inefficient for the first-filed lawsuit to proceed.").  Indeed, the "Supreme Court has acknowledged that application of the 'first-filed' rule promotes 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).  Here, the Court should apply the first-to-file rule and transfer this case to the Western District of Texas, where the case can be consolidated into the Consolidated Action that has been pending for years and is more procedurally advanced.

For all these reasons, the Court should transfer this case to the Western District of Texas.

4867-8849-7583.v7

## VII.    THE LEAD PLAINTIFF DEADLINE SHOULD BE VACATED OR STRICKEN

The last step is to vacate or strike the April 2 lead-plaintiff deadline. Where multiple securities fraud class actions are filed, the PSLRA requires only the first-filed action to publish notice. 15 U.S.C. §78u-4(a)(3)(A)(ii). Even where a new case changes the class period or includes a new claim, notice need not be republished. *See Okla. Law Enf't. Ret.. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at *3 (E.D. Tex. Aug. 31, 2017) ("[S]imply changing the class period does not necessitate a new notice be sent out.").[5] Republication is required only in those rare cases where, unlike here, new claims so dramatically alter the contours of the case that it is "'likely that individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice.'" *Kipling v. Flex Ltd.*, 2019 WL 1472358, at *1 (N.D. Cal. Apr. 3, 2019).[6]

The April 2 lead-plaintiff deadline should therefore be vacated for the following reasons. First, as discussed above, this action arises out of the same facts and claims as the Consolidated Action and there is no reason to believe viable lead-plaintiff candidates would have disregarded the earlier notice. On the contrary, Pomerantz filed a lead-plaintiff motion in response to the lead-plaintiff notice before Judge Ezra. It didn't disregard the earlier notice; it just lost the motion.

---

[5]    *See also Horowitz v. SunEdison, Inc.*, 2016 WL 1161600, at *2 (E.D. Mo. Mar. 24, 2016) ("PSLRA does not require republication of notice" where original case and later case assert "'substantially the same claim or claims'"); *In re Hous. Am. Energy Corp. Sec. Litig.*, 970 F. Supp. 2d 613, 646 (S.D. Tex. 2013) ("cost of republication would outweigh any marginal gains from notifying class members of the extension of the Class Period"), *rev'd on other grounds*, 758 F.3d 676 (5th Cir. 2014); *In re Thornburg Mortg., Inc., Sec. Litig.*, 629 F. Supp. 2d 1233, 1241-42 (D.N.M. 2009) (republication not required where "[t]he new claims are closely related to the initial claims expressly covered in the notice, and requiring further notice for the amendments here would serve only to delay the progress of this case and would contravene the PSLRA notice provisions' goal of securing lead plaintiffs as 'soon as practicable'"); *Sudunagunta v. NantKwest, Inc.*, 2017 WL 8811608, at *4 (C.D. Cal. Feb. 6, 2017) (no republication required even where "newly filed complaints expanded the class period (by about sixteen months)" and "added a Securities Act claim to the previously alleged Exchange Act claims").

[6]    *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394, at *5 (C.D. Cal. May 9, 2013) (amended pleadings added allegations based on "an ***entirely different factual scenario***").

- 13 -

Second, given that no new notice was required here, the deadline to file for lead plaintiff expired years ago. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 1902725, at *5-*6 (D. Minn. Apr. 20, 2018) (The "PSLRA has a strict deadline for filing lead plaintiff motions, stemming from Congress's intent 'to have lead plaintiffs appointed as soon as practicable.'"); *Adeptus*, 2017 WL 3780164, at *3 (because "all potential plaintiffs in the [newly filed expanded class period cases] had adequate notice to file a motion for appointment as lead plaintiff [when the original case was filed]," the "appropriate time to respond was sixty days from the notice being published in the [original] action"); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions.  All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.").

Without a 60-day deadline, every PSLRA securities fraud case where a subsequent development occurs – a routine event in many cases – could be usurped by follow-on class action complaints artfully pled to evade earlier complaints and thus lead-plaintiff orders.  The PSLRA is not such an inane provision.  Here, the deadline for lead-plaintiff motions expired on October 26, 2021.  No new motion can be considered, by statutory mandate, after that date.

Third, once a lead plaintiff is appointed, it is vested with authority to prosecute all related claims – a responsibility that necessarily includes the "authority to decide what claims to assert on behalf of the class." *In re Bank of Am. Corp. Sec., Derivative. & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010).  Permitting Pomerantz to restart lead-plaintiff proceedings despite Lead Plaintiff's appointment in the Consolidated Action undermines the PSLRA, is inefficient, and wastes judicial resources to boot. *See China Agritech, Inc. v. Resh,* 584 U.S. 732, 740-44 (2018); *Adeptus*, 2017 WL 3780164, at *3.  Lead Plaintiff has "every incentive to pursue all of their losses – including the losses suffered in the later period of the proposed [*Baker* Action] class period[] if those claims are likely to be meritorious." *In re*

- 14 -

4867-8849-7583.v7

*Synergy Pharm. Inc. Sec. Litig.*, 2019 WL 6150713, at \*5 (E.D.N.Y. Nov. 20, 2019). Consequently, "the interests of the class are fully protected and there is no need to appoint separate leadership to assert the claims that [Intervenors] ha[ve] already been appointed to pursue." *CenturyLink*, 2018 WL 1902725, at \*5.  Lead Plaintiff is, indeed, already pursuing the losses caused by the October 12, 2023 *Science* article.

Despite losing lead plaintiff in the Consolidated Action, Pomerantz filed a new case in this District, did not inform this Court of the Consolidated Action, did not notify Judge Ezra of this case, and issued a press release informing investors of a purported right to seek appointment as lead plaintiff by April 2, 2024.  This notice should not have been issued, and the confusion it has created should be cleared up.  Thus, Lead Plaintiff asks the Court to vacate the April 2, 2024 lead-plaintiff deadline and require a corrected notice to be published.[7]  *See In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728, ECF 100 (S.D.N.Y. Jan. 7, 2018) (authorizing corrective notice); *cf. Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 581 (D.N.J. 2001) (same).  In the event the April 2 lead-plaintiff deadline passes before relief is granted, Lead Plaintiff asks the Court to strike the lead-plaintiff deadline and all applications for lead-plaintiff in this case.

## VIII.   CONCLUSION

For all the foregoing reasons, Lead Plaintiff respectfully requests that the Court grant its motion to intervene, transfer the *Baker* action to the Western District of Texas to be consolidated before Senior U.S. District Judge David A. Ezra, and vacate or strike the upcoming lead-plaintiff deadline.

---

[7]      A proposed form of a corrective press release is attached as Exhibit A to the [Proposed] Order submitted concurrently herewith to the Court's proposed orders inbox.

- 15 -

4867-8849-7583.v7

DATED:  March 20, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)


                       /s/ *James E. Barz*
                       JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIEL S. DROSMAN
RACHEL JENSEN
KEVIN A. LAVELLE
JEREMY W. DANIELS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
jdaniels@rgrdlaw.com

Attorneys for Intervenor and Court-Appointed
Lead Plaintiff Mohammad Bozorgi

- 16 -

4867-8849-7583.v7