# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSANDRA BAKER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CASSAVA SCIENCES, INC., REMI BARBIER and ERIC J. SCHOEN, <br><br> Defendants. | Case No. 1:24-cv-00977 <br><br> <u>CLASS ACTION</u> |

## AMJAD FRAITEKH'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND LIAISON COUNSEL

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT ............................................................................................................................ 5

I.      FRAITEKH IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE
        CLASS ........................................................................................................................... 5

        A.      The PSLRA Standard For Appointing Lead Plaintiff ............................................ 5

        B.      Under the PSLRA, Fraitekh Should be Appointed Lead Plaintiff .......................... 6

                1.      Fraitekh Filed a Timely Motion ................................................................. 6

                2.      Fraitekh Has the Largest Financial Interest in the Relief Sought by the
                        Class ......................................................................................................... 7

                3.      Fraitekh Meets Rule 23's Typicality and Adequacy Requirements ........... 7

II.     FRAITEKH'S SELECTION OF COUNSEL SHOULD BE APPROVED ........................ 9

CONCLUSION........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**                                       **Page(s)**

*Chandler v. Ulta Beauty, Inc.*,
No. 18-cv-1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018)..............................7, 8

*Lax v. First Merchants Acceptance Corp.*,
No. No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).....................7, 8, 9

*May v. Barclays PLC.*,
No. 23-cv-2583 (LJL), 2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023) ....................6

*Mayo v. Apropos Tech., Inc.*,
No. 01 C 8406, 2002 WL 193393 (N.D. Ill. Feb. 7, 2002).......................................8, 9

*Reitan v. China Mobile Games & Entm't Grp.*,
68 F. Supp. 3d 390 (S.D.N.Y. 2014).....................................................................10

*Sokolow v. LJM Funds Mgmt., Ltd.*,
No. 18-cv-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018)...................5, 6, 7, 8

*Taubenfeld v. Career Educ. Corp.*,
No. 03 C 8884, 2004 WL 554810 (N.D. Ill. Mar. 19, 2004) ......................................5

*In re The Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019)...............................6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
780 F.3d 597 (4th Cir. 2015) ...................................................................................11

**Statutes**

15 U.S.C. § 78u-4(a) ............................................................................ *passim*

**Other Authorities**

Rule 23(a)(4) ............................................................................................................8

Anne Cullen,
More Judges Are Demanding Diversity Among Class Counsel, Law360 (July
16, 2020) ..............................................................................................................13

Ralph Chapoco,
Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg
Law (July 30, 2020) .............................................................................................13

Amjad Fraitekh ("Fraitekh") respectfully submits this memorandum of law pursuant to § 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of his motion for the entry of an order appointing Fraitekh as Lead Plaintiff and approving Fraitekh's selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm"), in conjunction with local liaison counsel, Miller Law LLC (the "Miller Firm"), as Lead Counsel.[1]

**PRELIMINARY STATEMENT**

The Action presently pending before this Court is brought on behalf of all persons and entities other than Defendants that purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava" or the "Company," together with Remi Barbier and Eric J. Schoen, the "Defendants") securities between August 18, 2022 and October 12, 2023, both dates inclusive (the "Class Period"), which seeks to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

With respect to the appointment of a lead plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the "most adequate plaintiff" as the lead plaintiff for the Action. 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the person who has the "largest financial interest in the relief" and who also satisfies Rule 23's typicality and adequacy requirements for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

---

[1]    Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Lori A. Fanning filed herewith.

1

With losses of $20,833.71, Fraitekh, to the best of counsel's knowledge, has the largest financial interest in the litigation of any movant. Fraitekh also satisfies Rule 23's typicality and adequacy requirements. Fraitekh's claims are typical of the Class's claims because he suffered losses on his Cassava investment as a result of Defendants' false and misleading statements. Further, Fraitekh has no conflict with the Class and will adequately protect the Class's interests given his significant stake in the litigation and his conduct to date in prosecuting the litigation, including his submission of the requisite certification and selection of experienced class counsel. Accordingly, Fraitekh is the presumptive Lead Plaintiff.

Lastly, if appointed Lead Plaintiff, Fraitekh is entitled to select, subject to the Court's approval, lead counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Fraitekh has engaged the Faruqi Firm, in conjunction with local liaison counsel the Miller Firm, for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because it is a highly experienced firm with substantial securities class action experience.

For the reasons summarized above and those explained more fully below, Fraitekh's motion should be granted in its entirety.

**FACTUAL BACKGROUND**[2]

Cassava is a Delaware corporation with principal executive offices located at 6801 N. Capital Of Texas Highway, Building 1, Suite 300, Austin, Texas, 78731. ¶ 15. Cassava's common stock trades in an efficient market on the NASDAQ under the ticker symbol "SAVA". *Id.*

---

[2]    Unless otherwise noted, all references to "¶ __" are to paragraphs in the Class Action Complaint.  ECF No. 1.

2

Cassava is a clinical-stage biotechnology company. ¶ 2. The Company's lead therapeutic drug candidate is PTI-125 (or "simufilam"), a small molecule drug for the proposed treatment of Alzheimer's disease. *Id*.

In March 2020, Cassava initiated a long-term, open-label study to evaluate the long-term safety and tolerability of simufilam 100 mg twice daily for 12 or more months in patients with Alzheimer's disease and to assess exploratory efficacy endpoints, such as changes in cognition, and biomarkers. ¶ 3.

Then, in August 2021, a Citizen Petition requested the U.S. Food & Drug Administration ("FDA") to halt any phase 3 trials of simufilam due to concerns regarding data manipulation. ¶ 4. Specifically, the Citizen Petition referenced "grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate and supporting the claims for its efficacy." *Id.*

However, in response, Cassava denied the allegations in the Citizen Petition and instead touted the effectiveness of simufilam and the efficacy of the Company's research programs. ¶ 5. Indeed, in a press release published shortly after the FDA received the Citizen Petition, Cassava stated that "[t]he Company stands behind its science, its scientists and its scientific collaborators." *Id.* Thereafter, Cassava continued to maintain its defense of simufilam even as criticisms of simufilam were revealed from additional sources and academic journals such as *Neurobiology of Aging* and the *Journal of Neuroscience* issued "expressions of concern" regarding the efficacy of the drug. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. ¶ 6. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:

3

(i) the Company failed to maintain adequate and effective data management controls and procedures related to its drug research programs; (ii) as a result, the data published in support of simufilam were susceptible to manipulation to overstate the drug's effectiveness; (iii) accordingly, Cassava had misrepresented the efficacy of its research programs and the clinical and/or commercial prospects of simufilam; (iv) all of the foregoing, once revealed, was likely to subject the Company to significant financial and/or reputational harm; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On October 12, 2023, the peer-reviewed academic journal *Science* reported that Professor Hoau-Yan Wang ("Dr. Wang"), a City University of New York researcher associated with the research program for simufilam, had been investigated by university officials for possible data manipulation. ¶ 7. Although the investigative committee did not have access to the raw data at issue and thus was unable to confirm that data manipulation had occurred, members made their conclusion based on "long-standing and egregious misconduct in data management and record keeping by Dr. Wang" and "found evidence highly suggestive of deliberate scientific misconduct" by Dr. Wang. *Id.*

On this news, Cassava's stock price fell $2.68 per share, or 15.28%, to close at $14.86 per share on October 13, 2023. ¶ 8.

Through the Action, Fraitekh seeks to recover for himself and absent class members the substantial losses that were suffered as a result of Defendants' fraud.

**ARGUMENT**

**I.    FRAITEKH IS ENTITLED TO BE APPOINTED LEAD PLAINTIFF FOR THE CLASS**

**A.    The PSLRA Standard For Appointing Lead Plaintiff**

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within 60 days of the publication, for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A); *Taubenfeld v. Career Educ. Corp.*, No. 03 C 8884, 2004 WL 554810, at *2 (N.D. Ill. Mar. 19, 2004).

Under the PSLRA, the Court is then to consider any motion made by class members and is to appoint as lead plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice [published by a complainant]; (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-cv-01039, 2018 WL 3141814, at *2 (N.D. Ill. June 26, 2018) (same); *Taubenfeld*, 2004 WL 554810, at *2.

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class

member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also LJM*, 2018 WL 3141814, at \*2; *In re The Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at \*2 (N.D. Ill. Nov. 15, 2019).

### B.    Under the PSLRA, Fraitekh Should be Appointed Lead Plaintiff

As discussed below, Fraitekh should be appointed Lead Plaintiff because all of the PSLRA's procedural hurdles have been satisfied, Fraitekh holds the largest financial interest of any movant, and Fraitekh otherwise satisfies Rule 23's typicality and adequacy requirements.

### 1.    Fraitekh Filed a Timely Motion

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Cassandra Baker published notice of the lead plaintiff deadline via *Newsfile Corp.* on February 2, 2024. *See* Ex. A; *May v. Barclays PLC.*, No. 23-cv-2583 (LJL), 2023 WL 5950689, at \*6 (S.D.N.Y. Sept. 13, 2023) (considering publication in *Newsfile Corp.* to be sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before April 2, 2024. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Fraitekh's motion is timely filed.

Additionally, pursuant to Section 21D(a)(2) of the Exchange Act, Fraitekh timely signed and submitted the requisite certification, identifying all of his relevant Cassava trades during the Class Period, and detailing Fraitekh's suitability to serve as Lead Plaintiff in this case. *See* Ex. B. The PSLRA's procedural requirements have therefore been met**.**

6

## 2. Fraitekh Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4 (a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to any definitive methodology courts are to use in determining which movant has the largest financial interest in the relief sought, courts have typically looked to the following four factors in the inquiry: (1) the number of shares purchased by the movant during the Class Period; (2) the number of net shares purchased by the movant during the Class Period; (3) the total net funds expended by the movant during the Class Period; and (4) the approximate losses suffered by the movant. *See Lax v. First Merchants Acceptance Corp.*, No. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *LJM*, 2018 WL 3141814, at *2; *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, at *2 (N.D. Ill. June 26, 2018). Courts have placed the most emphasis on the last of the four factors: the approximate loss suffered by the movant. *See, e.g.*, *LJM*, 2018 WL 3141814, at *2; *Chandler*, 2018 WL 3141763, at *3.

Overall, during the Class Period, Fraitekh purchased 2,902 net and 2,902 total Cassava shares, expended $84,190.55 in net funds and suffered losses of $20,833.71 attributable to the fraud. *See* Ex. C. Fraitekh is presently unaware of any other movant with a larger financial interest in the outcome of this litigation.

## 3. Fraitekh Meets Rule 23's Typicality and Adequacy Requirements

The PSLRA also requires that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Lax*, 1997 WL

7

461036, at *6; *LJM*, 2018 WL 3141814, at *6; *Chandler*, 2018 WL 3141763, at *5. When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Lax*, 1997 WL 461036, at *6; *Chandler*, 2018 WL 3141763, at *5 ("The typicality and adequacy elements are the relevant factors to the appointment of a lead plaintiff.").

Typicality is established where each class member's claim is "based on the same legal theories and arise from the same events and course of conduct giving rise to the claims of the other class members in this case." *LJM*, 2018 WL 3141814, at *6 (citing *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira*, No. 11 C 8332, 2012 WL 1339678, at *8 (N.D. Ill. Apr. 18, 2012)). "The claims of the class representative, however, need not be identical to the claims of the class to satisfy typicality." *Mayo v. Apropos Tech., Inc.*, No. 01 C 8406, 2002 WL 193393, at *4 (N.D. Ill. Feb. 7, 2002).

Fraitekh's claims are clearly typical of the Class's claims. Fraitekh purchased Cassava securities during the Class Period, suffered damages as a result of the Company's false and misleading statements, and therefore can assert the Class's claims against Defendants under the federal securities laws. Because the factual and legal bases of Fraitekh's claims are similar to those of the Class's claims, Fraitekh necessarily satisfies the typicality requirement. *See Mayo*, 2002 WL 193393, at *4 (finding movant typical where its "claim . . . arises from the same event of practice or course of conduct that gives rise to the claims of other class members and [its] claims are based on the same legal theory.").

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represent the proposed representative, and the proposed representative has no fundamental conflicts of interest with the

interests of the class as a whole. *See Lax*, 1997 WL 461036, at *6 ("As to adequateness under Rule 23(a) standards, [movants] must simply (1) not have claims that are antagonistic to or that conflict with those of other class members, (2) have sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) be represented by attorneys who are competent, experiences, qualified, and generally able to conduct the litigation vigorously"); *Mayo*, 2002 WL 193393, at *4.

As evidenced by the representations in his certification, *see* Ex. B, Fraitekh's interests are perfectly aligned with—and by no means antagonistic to—the Class. *See Mayo*, 2002 WL 193393, at *3 n.3 (movant's certification evidenced adequacy to serve as lead plaintiff). Contemporaneously with the filing of the instant motion, Fraitekh has submitted a Declaration with additional information about himself, his education and experience investing, clearly demonstrating his adequacy to represent class members. *See* Ex. D. He has a bachelor's degree in chemical engineering. *Id*. at ¶ 4. He has been investing in the stock market for over six years and manages his own investments. *Id*. at ¶ 5.

Fraitekh has also selected and retained highly competent counsel to litigate the claims on behalf of himself and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. E. Consequently, Fraitekh is more than adequate to represent the Class and has every incentive to maximize the Class's recovery.

In light of the foregoing, Fraitekh respectfully submits that he is the presumptive Lead Plaintiff and should be appointed Lead Plaintiff for the Action.

## II.    FRAITEKH'S SELECTION OF COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Fraitekh has selected the

9

Faruqi Firm to be Lead Counsel for the Class and the Miller Firm to act as Liaison Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. E; *see also Reitan v. China Mobile Games & Entm't Grp.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases.").

For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Lowthorp v. Mesa Air Grp., Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *In re Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final

10

approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtaining a recovery of more than $930 million for the benefit of the Company, and negotiating important corporate governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel and recovering a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, acting as co-lead counsel, recovered $3 million for the class); and *In re Purchase Pro Inc. Sec. Litig.*,

11

No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

The Faruqi Firm is also currently litigating several prominent securities class actions. *See, e.g., Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (sole lead counsel);  for the class); *Kain v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Murphy v. Argo Blockchain plc*, No. 1:23-cv-00572-NRM-SJB (E.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.) (appointed sole lead counsel for the class); *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); and *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class).

The Faruqi Firm is a minority-owned and woman-owned[3] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion

---

[3]    *See* Ex. F (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business).

that clients and judges increasingly seek from the bar.[4] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years. *See* https://www.faruqilaw.com/our-attorneys. The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

The Miller Firm, liaison counsel, is similarly experienced in complex civil litigation, and securities class actions in particular. *See* Ex. G. The firm has a demonstrated track record of involvement in high-profile class actions. The Miller Firm has been repeatedly recognized by their peers and the courts and has served in a variety of counsel roles. The firm's knowledge of the Court will benefit Serra and the Class in a positive way.

## CONCLUSION

For the foregoing reasons, Fraitekh respectfully requests that the Court: (1) appoint him as Lead Plaintiff; (2) approve his selection of Lead Counsel and Liaison Counsel for the putative Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: April 2, 2024                    Respectfully submitted,

                                        **MILLER LAW LLC**

                                        By:     */s/ Lori A. Fanning*
                                                Lori A. Fanning

                                        Marvin A. Miller
                                        Lori A. Fanning
                                        53 W. Jackson Blvd., Suite 1320

---

[4]     *See* Anne Cullen, More Judges Are Demanding Diversity Among Class Counsel, Law360 (July 16, 2020), https://www.law360.com/articles/1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, Calls for Lawyer Diversity Spread to Complex Class Litigation, Bloomberg Law (July 30, 2020), https://www.bloomberglaw.com/document/XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

Chicago, IL 60604
Telephone: 312-332-3400
Facsimile: 312-676-2676
Email: mmiller@millerlawllc.com
        lfanning@millerlawllc.com

*Attorneys for [Proposed] Lead Plaintiff Amjad Fraitekh and [Proposed] Liaison Counsel for the putative Class*

James M. Wilson, Jr. (*pro hac vice* forthcoming)
Robert W. Killorin (*pro hac vice* forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email:  jwilson@faruqilaw.com
        rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiff Amjad Fraitekh and [Proposed] Lead Counsel for the putative Class*

14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed on April 2, 2024 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

By:     */s/ Lori A. Fanning*
        Lori A. Fanning