UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSANDRA BAKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER and ERIC J. SCHOEN,<br><br>Defendants. | Civil Action No.  1:24-cv-00977<br><br><br>CLASS ACTION<br><br><br>Hon. Sara L. Ellis |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JOHN KREILICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ............................................................................................................... 2

ARGUMENT.................................................................................................................................... 4

I.      KREILICH SHOULD BE APPOINTED LEAD PLAINTIFF........................................... 4

        A.      Kreilich Is Willing to Serve as Class Representative ............................................ 5

        B.      Kreilich Has the "Largest Financial Interest" in the Action .................................. 5

        C.      Kreilich Otherwise Satisfies the Requirements of Rule 23 .................................... 6

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED............ 9

CONCLUSION............................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297,
2012 WL 5471110, 2012 U.S. Dist. LEXIS 161441 (N.D. Ill. Nov. 9, 2012) ..........................7

*Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577,
2018 WL 3141763, 2018 U.S. Dist. LEXIS 107340 (N.D. Ill. June 26, 2018) .....................7, 8

*City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332,
2012 WL 1339678, 2012 U.S. Dist. LEXIS 54081 (N.D. Ill. Apr. 18, 2012) ..........................8

*Gumm v. Molinaroli*, No. 16-CV-1093-PP,
2016 WL 6680462, 2016 U.S. Dist. LEXIS 157155 (E.D. Wis. Nov. 14, 2016) ......................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) ....................................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................................................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ................................................................................................9

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
1997 WL 461036, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997). .......................6, 7

*Maiden v. Merge Techs., Inc.*, Nos. 06-C-349,
2006 WL 3404777, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) .......................9

*Takara Trust v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ..................................................................................................7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008) ........................................................................................9

## Statutes

15 U.S.C. § 78j(b) .......................................................................................................................1

15 U.S.C. § 78u-4 .................................................................................1, 2, 4, 5, 6, 8, 9

PSLRA ..................................................................................................................1, 4, 5, 6, 7, 9

## **Rules**

Fed. R. Civ. P. 23..................................................................................................2, 4, 5, 6, 7, 8

John Kreilich ("Kreilich") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Kreilich as Lead Plaintiff on behalf of a class consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Cassava Sciences, Inc. ("Cassava" or the "Company") securities between August 18, 2022 and October 12, 2023, both dates inclusive (the "Class Period") (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The complaint in the above-captioned action ("Action") alleges a significant fraud perpetrated on the investors in Cassava during the Class Period. Specifically, it is alleged that, during the Class Period, Defendants defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and United States ("U.S.") Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by misrepresenting Cassava's business and operations, specifically regarding the efficacy of its research programs and the clinical and/or commercial prospects of the Company's product simufilam. *See* Dkt. No. 1 ("Complaint") ¶¶ 1-6. Cassava investors, including Kreilich, incurred significant losses resulting from the revelation of the foregoing misconduct through a corrective disclosure on October 12, 2023, revealing, *inter alia*, that a researcher associated with the research program for simufilam had been investigated for possible data manipulation. *See id.* ¶¶ 7-8.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of

1

Federal Rule of Civil Procedure 23 ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Kreilich, with losses of approximately $36,145 in connection with his Class Period purchases of Cassava securities, believes that he has the largest financial interest in the relief sought in this Action. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.

Beyond his considerable financial interest, Kreilich also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as lead plaintiff and vigorously prosecute this Action on behalf of the Class, Kreilich has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, based on his significant financial interest and his commitment to overseeing this litigation, Kreilich respectfully requests that the Court enter an order appointing him as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint, Cassava is a clinical-stage biotechnology company. Complaint ¶ 2.  The Company's lead therapeutic drug candidate is PTI-125 (or "simufilam"), a small molecule drug for the proposed treatment of Alzheimer's disease.  *Id.*

In March 2020, Cassava initiated a long-term, open-label study to evaluate the longterm safety and tolerability of simufilam 100 mg twice daily for 12 or more months in patients with Alzheimer's disease and to assess exploratory efficacy endpoints, such as changes in cognition, and biomarkers.  *Id.* ¶ 3.

Then, in August 2021, a Citizen Petition requested the United States Food & Drug Administration ("FDA") to halt any phase 3 trials of simufilam due to concerns regarding data manipulation. *Id.* ¶ 4. Specifically, the Citizen Petition referenced "grave concerns about the quality and integrity of the laboratory-based studies surrounding this drug candidate and supporting the claims for its efficacy." *Id.*

However, in response, Cassava denied the allegations in the Citizen Petition and instead touted the effectiveness of simufilam and the efficacy of the Company's research programs. *Id.* ¶ 5. Indeed, in a press release published shortly after the FDA received the Citizen Petition, Cassava stated that "[t]he Company stands behind its science, its scientists and its scientific collaborators." *Id.* Thereafter, Cassava continued to maintain its defense of simufilam even as criticisms of simufilam were revealed from additional sources and academic journals such as *Neurobiology of Aging* and the *Journal of Neuroscience* issued "expressions of concern" regarding the efficacy of the drug. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. *Id.* ¶ 6. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the Company failed to maintain adequate and effective data management controls and procedures related to its drug research programs; (ii) as a result, the data published in support of simufilam were susceptible to manipulation to overstate the drug's effectiveness; (iii) accordingly, Cassava had misrepresented the efficacy of its research programs and the clinical and/or commercial prospects of simufilam; (iv) all of the foregoing, once revealed, was likely to subject the Company to significant financial and/or reputational harm; and (v) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

On October 12, 2023, the peer-reviewed academic journal *Science* reported that Professor Hoau-Yan Wang ("Dr. Wang"), a City University of New York researcher associated with the research program for simufilam, had been investigated by university officials for possible data manipulation. *Id.* ¶ 7. Although the investigative committee did not have access to the raw data at issue and thus was unable to confirm that data manipulation had occurred, members made their conclusion based on "long-standing and egregious misconduct in data management and record keeping by Dr. Wang" and "found evidence highly suggestive of deliberate scientific misconduct" by Dr. Wang. *Id.*

On this news, Cassava's stock price fell $2.68 per share, or 15.28%, to close at $14.86 per share on October 13, 2023. *Id.* ¶ 8.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Kreilich and other Class members have suffered significant losses and damages. *See id.* ¶ 9.

**ARGUMENT**

## I.    KREILICH SHOULD BE APPOINTED LEAD PLAINTIFF

Kreilich should be appointed Lead Plaintiff because, to his knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

4

such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Kreilich satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.    Kreilich Is Willing to Serve as Class Representative

On February 2, 2024, Pomerantz, counsel for the plaintiff in the Action, caused a notice to be published over *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "Notice"), which announced that a litigation had been filed against Defendants and which advised investors in Cassava securities that they had until April 2, 2024—*i.e.*, 60 days—to file a motion to be appointed as lead plaintiff in the securities litigation against Cassava and the other Defendants.  *See* Lieberman Decl., Ex. B.  Kreilich has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Kreilich satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B.    Kreilich Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

5

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Kreilich has the largest financial interest of any Cassava investor seeking to serve as Lead Plaintiffs.  For the purposes of lead plaintiff appointment pursuant to the PSLRA, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).

During the Class Period, Kreilich: (1) purchased 5,510 shares of Cassava stock and 93 Cassava options contracts; (2) expended $178,853 on these purchases; (3) retained 10 of his shares of Cassava stock; and (4) incurred losses of approximately $36,145 in connection with his transactions in Cassava securities during the Class Period.  *See* Lieberman Decl., Ex. A.  To the extent that Kreilich possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Kreilich Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4).

6

In making its determination that lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See, e.g.*, *Chandler v. Ulta Beauty, Inc.*, No. 18-cv-1577, 2018 WL 3141763, 2018 U.S. Dist. LEXIS 107340, at *13 (N.D. Ill. June 26, 2018) (finding movant "has satisfied its burden by making a preliminary showing that it satisfies the requirements of Rule 23"); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). Moreover, "in the context of motions for lead plaintiff inquiries, courts . . . do not engage in a 'wide-ranging analysis under Rule 23,' and generally focus on only typicality and adequacy." *Gumm v. Molinaroli*, No. 16-CV-1093-PP, 2016 WL 6680462, 2016 U.S. Dist. LEXIS 157155, at *14 (E.D. Wis. Nov. 14, 2016) (quoting *Lax*, 1997 WL 461036, U.S. Dist. LEXIS 11866, at *6); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.").

The typicality requirement of Rule 23(a)(3) requires that "'[a] claim . . . arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory.'" *Bristol County Ret. Sys. v. Allscripts Healthcare Solutions, Inc.*, No. 12 C 3297, 2012 WL 5471110, 2012 U.S. Dist. LEXIS 161441, at *15-*16 (N.D. Ill. Nov. 9, 2012) (quoting *Arreola v. Godinez*, 546 F.3d 788, 798 (7th Cir. 2008)). "A lead plaintiff meets the typicality requirements if its claims or defenses are typical of the claims or defenses of the class." *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005) (quoting Fed. R. Civ. P. 23(a)(3)).

Kreilich's claims are typical of those of the Class. Kreilich alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Cassava. Kreilich, as did all members of the Class, purchased Cassava securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Cassava's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"A lead plaintiff meets the adequacy requirement [of Rule 23(a)(4)] if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 WL 3141763, 2018 U.S. Dist. LEXIS 107340, at *14 (quoting *City of Sterling Heights Gen. Emples. Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2012 WL 1339678, 2012 U.S. Dist. LEXIS 54081, at *25 (N.D. Ill. Apr. 18, 2012)).

As set forth in greater detail below, in Pomerantz, Kreilich has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Kreilich's interests and the interests of the Class. Kreilich has submitted a signed Certification declaring his commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. C). In addition,

8

the significant losses incurred by Kreilich demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

Further demonstrating his adequacy, Kreilich has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a lead plaintiff pursuant to the PSLRA, his decision to seek appointment as lead plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Lieberman Decl., Ex. D.

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiffs' choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Maiden v. Merge Techs., Inc.*, Nos. 06-C-349, 2006 WL 3404777, 2006 U.S. Dist. LEXIS 85635, at \*14 (E.D. Wis. Nov. 21, 2006); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Kreilich has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, and Tel Aviv, Israel. *See id.* For more than 85 years,

Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

As a result of its extensive experience in similar litigation, Kreilich's choice of counsel, Pomerantz, has the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Class's claims in this litigation effectively and expeditiously. Thus, the Court may be assured that by approving Kreilich's selection of Pomerantz as Lead Counsel, the Class members will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Kreilich respectfully requests that the Court issue an Order: (1) appointing Kreilich as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  April 2, 2024                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

10

POMERANTZ LLP
Louis C. Ludwig
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com
lcludwig@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*John Kreilich*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Lead Plaintiff Movant*
*John Kreilich*

11