UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CASSANDRA BAKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CASSAVA SCIENCES, INC., REMI BARBIER and ERIC J. SCHOEN,<br><br>Defendants. | Civil Action No.  1:24-cv-00977<br><br><br>CLASS ACTION<br><br><br><br>Hon. Sara L. Ellis |

**MEMORANDUM OF LAW IN OPPOSITION TO MOHAMMAD BOZORGI'S MOTION TO INTERVENE, TRANSFER, AND VACATE LEAD PLAINTIFF DEADLINE**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT....................................................................................................................... 4

I.    Bozorgi's Motion To Intervene Under Fed. R. Civ. P. 24(A) Should Be Denied.............. 4

    A.    The Intervention Motion Is Untimely....................................................................... 4

    B.    Bozorgi Cannot Claim an Interest in *Cassava II* ...................................................... 6

II.   Permissive Intervention Is Unwarranted............................................................................ 9

III.  The Court Should Maintain *Cassava II* in the Northern District of Illinois ..................... 10

IV.   The April 2, 2024 Lead Plaintiff Deadline Should Not Be Vacated or Stricken.............. 11

CONCLUSION.................................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AL& PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905,
  2015 WL 738694 (N.D. Ill. Feb. 19, 2015) ...............................................................10

*Ali v. City of Chicago*,
  34 F. 4th 594 (7th Cir. 2022) ...................................................................................2, 4, 5

*Dale v. Deutsche Telekom AG*, No. 22 C 03189,
  2022 WL 6123365 (N.D. Ill. Oct. 7, 2022).............................................................10

*Federal Ins. Co. v. Illinois Funeral Director's Ass'n*, No. 09 C 1634,
  2009 WL 2252200 (N.D. Ill. July 29, 2009).........................................................3, 6

*Lopez-Aguilar v. Marion County Sheriff's Department*,
  924 F.3d 375 (7th Cir. 2019) ........................................................................................4

*Reich v. ABC/York–Estes Corp.*,
  64 F.3d 316 (7th Cir.1995) .......................................................................................3, 6

*Reid L. v. Illinois St. Bd. of Educ.*,
  289 F.3d 1009 (7th Cir. 2002) ......................................................................................5

*S.E.C. v. Falor*,
  270 F.R.D. 372 (N.D. Ill. 2010).............................................................................3, 4, 6

*Sokaogon Chippewa Community v. Babbitt*,
  214 F.3d 941 (7th Cir. 2000) ........................................................................................5

*Taco Bell Corp. v. Continental Cas. Co.*, No. 01 C 0438,
  2003 WL 124454 (N.D. Ill. Jan. 13, 2003) ...............................................................8

## Statutes

Private Securities Litigation Reform Act of 1995 ...............................................1, 3, 5, 7, 8, 10, 12

## Rules

Fed. R. Civ. P. 24...............................................................................................2, 4, 9

Plaintiff Cassandra Baker ("Plaintiff" or "Baker") respectfully submits this Memorandum of Law in opposition to Mohammad Bozorgi's ("Bozorgi") motion to intervene in the above-captioned action ("*Cassava II*"), transfer it to the United States District Court for the Western District of Texas (the "Western District of Texas") for consolidation with *In re Cassava Sciences, Inc. Securities Litigation*, 1:21-cv-00751 (W.D. Tex.) ("*Cassava I*"), and vacate the April 2, 2024 deadline to seek appointment as Lead Plaintiff in *Cassava II* (the "Intervention Motion") (Dkt. No. 12).[1]

## PRELIMINARY STATEMENT

Bozorgi's Intervention Motion is a brazen effort to seize control of a federal securities class action pending in this Judicial District, shut down the duly noticed Lead Plaintiff appointment process which has already commenced, and fold the claims of this action's class members into *Cassava I* under Bozorgi's leadership, all in contravention of the orderly Lead Plaintiff appointment process set forth in the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Baker filed this Class Action on February 2, 2024, asserting Exchange Act claims against the above-captioned Defendants on behalf of investors who purchased or otherwise acquired Cassava securities between August 18, 2022 and October 12, 2023 (the "*Cassava II* Class Period") (Dkt. No. 1 ¶ 1). Pursuant to the PSLRA, Baker's counsel duly issued a notice of pendency of the action, advising putative Class members of their statutory right to seek appointment as Lead Plaintiff in *Cassava II* within sixty days of the Notice—*i.e.*, on or before April 2, 2024. *See*, *e.g.*, Dkt. No. 28-2. Despite professing to have been aware of the pendency of *Cassava II* since February, Bozorgi waited until March 20, 2024 to file his Intervention Motion, in which he seeks

---

[1] Unless otherwise indicated, all "Dkt. No. __" citations are to *Cassava II*.

the Court's permission to intervene in this case solely to cancel its ongoing Lead Plaintiff appointment process and transfer the action to W.D. Tex. for consolidation with *Cassava I*. *See* Dkt. Nos. 12, 13. In Bozorgi's view, as the Lead Plaintiff of *Cassava I*, he automatically has an interest in effectively any and all subsequent securities class actions brought on behalf of Cassava investors. Bozorgi cites two motions he has filed in *Cassava I*, which he contends would subsume the entire Class period alleged in *Cassava II*, and thus the claims of all *Cassava II* class members: (1) a motion to supplement the Amended Complaint in *Cassava I* to extend it through the end of the *Cassava II* Class Period (the "Motion to Supplement") (*Cassava I* Dkt. No. 129); and (2) a motion for certification of a class of investors who purchased Cassava securities during a class period that likewise includes the entire *Cassava II* Class Period (the "Class Certification Motion") (*Cassava I* Dkt. No. 148).

Bozorgi's sweeping argument lacks merit. As a threshold matter, the Intervention Motion is untimely, because Bozorgi did not seek to intervene in *Cassava II* until less than two weeks before its duly noticed Lead Plaintiff motion deadline, which virtually assured that this Court would be unable to adjudicate the Intervention Motion before *Cassava II* Class members filed Lead Plaintiff motions on the April 2, 2024 deadline. Two *Cassava II* Class members, John Kreilich (Dkt. No. 26) and (2) Amjad Fraitekh (Dkt. No. 22), did properly file Lead Plaintiff motions on the statutory deadline, but those motions remain in procedural limbo as the Court adjudicates Bozorgi's Intervention Motion. Bozorgi's motion, which might have been filed weeks earlier, has thus unreasonably introduced delay and inefficiency to this litigation. *See*, *e.g.*, *Ali v. City of Chicago*, 34 F. 4th 594, 599 (7th Cir. 2022) (finding the timeliness inquiry under Rule 24 to be "essentially a reasonableness test").

Nor does Bozorgi have a cognizable interest in this litigation. At the time of this submission, Bozorgi's Motion to Supplement and Class Certification Motion both remain pending in *Cassava I*, and, moreover, are opposed by the Defendants. *See Cassava I* Dkt. Nos. 129, 148. There is thus no reason for the Court to accept Bozorgi's expansive claim to ownership of all *Cassava II* claims, given that one or both of his motions in *Cassava I* may ultimately be denied. His claimed interest in this litigation is thus largely contingent on the *Cassava I* Court granting his motions, which makes it far too speculative to support his motion for intervention in *Cassava II*. *See S.E.C. v. Falor*, 270 F.R.D. 372, 376 (N.D. Ill. 2010) ("a potential intervenor must have a 'direct, significant, legally protectable' interest" in the litigation at issue (quoting *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 322 (7th Cir.1995)). *See also Federal Ins. Co. v. Illinois Funeral Director's Ass'n*, No. 09 C 1634, 2009 WL 2252200, at *3 (N.D. Ill. July 29, 2009) (denying motion to intervene where intervenor's claimed interest was contingent upon the outcome of a separate litigation).

Separate and apart from his claimed interest as Lead Plaintiff in *Cassava I*, there is no indication that Bozorgi even qualifies as a Class member in *Cassava II*. None of his filings in *Cassava I* show that he purchased Cassava securities during the *Cassava II* Class Period, nor has he claimed to have done so in support of his Intervention Motion. If Bozorgi is not even a *Cassava II* Class member, which appears to be the case, this fact further undermines Bozorgi's claim to have an interest in this litigation. Indeed, if Bozorgi truly had an interest in *Cassava II*, he plainly would have sought appointment as Lead Plaintiff in this action pursuant to the dictates of the PSLRA.

Bozorgi's remaining requests—namely, that the Court transfer this action to the Western District of Texas for consolidation with *Cassava I* and vacate or strike the *Cassava II* Lead Plaintiff

3

motion deadline—are contingent upon his claim to have an interest in *Cassava II*.  Yet lacking any such interest, Bozorgi's preferences as to the venue of this litigation carry no weight, and he likewise lacks any basis to vacate or strike the *Cassava II* Lead Plaintiff motion deadline.

Accordingly, for the reasons set forth herein, Baker respectfully urges this Court to deny Bozorgi's Intervention Motion in its entirety.

## ARGUMENT

### I.   Bozorgi's Motion To Intervene Under Fed. R. Civ. P. 24(A) Should Be Denied

Under Fed. R. Civ. P. 24(a)(2), a nonparty may intervene in an action only if the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

> The Seventh Circuit has established four criteria that moving parties must satisfy to intervene as of right: (1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the . . . action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to represent adequately their interests.  Failure to establish any of these elements is reason to deny intervention, and the would-be-intervenor has the burden to establish all four of these elements.

*Falor*, 270 F.R.D. at 375-76.  Bozorgi fails to satisfy these requirements, and his motion for intervention under Fed. R. Civ. P. 24(a) should be denied.

#### A.  The Intervention Motion Is Untimely

As a threshold matter, Bozorgi's Intervention Motion is untimely.  "For intervention under Rule 24, timeliness 'is not limited to chronological considerations but is to be determined from all of the circumstances.'"  *Ali v. City of Chicago*, 34 F. 4th 594, 599 (7th Cir. 2022) (quoting *Lopez-Aguilar v. Marion County Sheriff's Department*, 924 F.3d 375, 388 (7th Cir. 2019)).  "This is essentially a reasonableness test: 'potential intervenors need to be reasonably diligent in learning

4

of a suit that might affect their rights, and upon so learning they need to act reasonably promptly.'"

*Id.*

Here, considering the totality of the circumstances, Bozorgi's Intervention Motion was ***not*** timely. *Cassava II* was filed on February 2, 2024. *See* Dkt. No. 1. Pursuant to the PSLRA, Baker's counsel caused a notice of pendency of this Action to be published that same day, advising Class members of their right to seek appointment as Lead Plaintiff on or before April 2, 2024. *See*, *e.g.*, Dkt. No. 28-2. Bozorgi filed his Motion to Supplement in *Cassava I* on February 22, 2024. *Cassava I* Dkt. No. 129. Seven days later, on February 29, 2024, Bozorgi filed a notice of related case in *Cassava I*, referencing the filing of *Cassava II*. *Cassava I* Dkt. No. 142. Then, notwithstanding his demonstrated awareness of *Cassava II* and its adverted-to Lead Plaintiff motion deadline, Bozorgi unaccountably ***waited another three weeks***—until March 20, 2024—to file his Intervention Motion. Dkt. No. 12. By then, the notice of pendency of *Cassava II* had been published for 47 days, meaning that less than two weeks remained in the 60-day PSLRA notice period to potential Class members. Bozorgi thus waited until more than three quarters of the PSLRA Notice Period had elapsed before seeking to intervene in *Cassava II*. The timing of Bozorgi's Intervention Motion virtually guaranteed that the Court would not have an opportunity to rule on it before the April 2, 2024 Lead Plaintiff motion deadline. Accordingly, the Court now faces two motions for appointment as Lead Plaintiff (Dkt. Nos. 22, 26) alongside the Intervention Motion, and *Cassava II* is thus at an effective standstill as a result of Baker's dilatory conduct. *See Reid L. v. Illinois St. Bd. of Educ.*, 289 F.3d 1009, 1018 (7th Cir. 2002) ("The purpose of the [timeliness] requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." (quoting *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir.

2000)).  Because Bozorgi's conduct plainly does not pass "a reasonableness test", his Intervention Motion is untimely.

### B.    Bozorgi Cannot Claim an Interest in *Cassava II*

With respect to the "interest" factors for intervention, Bozorgi argues that (1) he has an interest in *Cassava II* by virtue of his status as Lead Plaintiff in Cassava I, (2) *Cassava II* may impair and impede his ability to protect his interests and those of the class in *Bozorgi*, and (3) Baker does not adequately represent Bozorgi's interest.  *See* Dkt. No. 13 at 7-10.

The fundamental flaw in Bozorgi's request for intervention is that he cannot claim an interest in *Cassava II*.  "The Seventh Circuit has held that a potential intervenor must have a 'direct, significant, legally protectable' interest."  *Falor*, 270 F.R.D. at 376 (quoting *Reich*, 64 F.3d at 322).  *See also Illinois Funeral Director's Ass'n*, 2009 WL 2252200, at *3 (denying motion to intervene where intervenor's interest was "purely speculative and . . . contingent on a finding of liability and damages" in a separate action).

The *Cassava I* Class Period, as alleged in the Amended Complaint, extends from September 14, 2020 through July 26, 2022, both dates inclusive.  *Cassava I* Dkt. No. 68 ¶ 46.  Meanwhile, the *Cassava II* Class Period extends from August 8, 2022 through October 12, 2023, both dates inclusive.  Dkt. No. 1 ¶ 1.  Bozorgi claims to have an interest in *Cassava II* in large part because of his Motion to Supplement and Class Certification motions filed in *Cassava II*, both of which assert an expanded Class Period that would "subsume[] the putative class here."  Dkt. No. 13 at 8.  Yet at the time of this submission, both of Bozorgi's motions remain pending, and both motions are opposed.  There is no reason to presume, as Bozorgi effectively urges this Court to do, that the *Cassava I* court will grant either or both motions.  Any interest Bozorgi has in *Cassava II* is thus purely conjectural, and thus obviously cannot support his request for intervention.  *See Illinois Funeral Director's*, 2009 WL 2252200, at *3 (denying motion to intervene, finding "[a]ny

6

interest possessed by [the intervenors] . . . entirely speculative and . . . contingent on a finding of liability and damages in" a separate litigation).

Bozorgi also significantly overstates the significance of the order entered in the Western District of Texas which, among other things, consolidated related actions (*Cassava I* Dkt. No. 58) (the "Consolidation Order"). Although Bozorgi characterizes the Consolidation Order as "extend[ing] to ***all future cases*** that 'arise out of the same facts and claims'" (Dkt. No. 13 at 4) (emphasis added), by it terms it applies ***only*** to any "[a]ny other actions now pending or hereafter filed in [the ***Western District of Texas***] that arise out of the same facts and claims." *Cassava I* Dkt. No. 58 ¶ 5 (emphasis added). The Consolidation Order thus does not entitle him to the extraordinary relief he seeks via the Intervention Motion.

Tellingly, Bozorgi has not even claimed to be a Class member in *Cassava II*. If Bozorgi were a member of the *Cassava II* Class, presumably he would have claimed an additional interest in *Cassava II* on that basis—*i.e.*, separate and apart from his role as Lead Plaintiff in *Cassava II*— and included that argument in support of his Intervention Motion. Conspicuously, Bozorgi has not done so. Nor is there anything in his *Cassava I* filings showing that he purchased Cassava securities during the *Cassava II* Class Period. Nor did Bozorgi seek a leadership role in *Cassava II*—another procedural step he might have taken to protect his claimed interest in this litigation, but one only available to actual members of the *Cassava II* Class. The inescapable conclusion is that Bozorgi is not even a member of the *Cassava II* Class, which makes his claimed interest in this litigation even more difficult to credit.

Moreover, as a practical matter, accepting Bozorgi's expansive and self-serving definition of his purported "interest" in *Cassava II* would undermine the orderly lead plaintiff appointment process set forth in the PSLRA. When a class action complaint alleging violations of the federal

7

securities laws is filed, the statute unambiguously provides that a Lead Plaintiff should be selected from among the putative Class members who affirmatively sought appointment as Lead Plaintiff in that litigation by filing a complaint or lead plaintiff motion. It does not contemplate that non-movant/non-plaintiff litigants in already pending lawsuits may lay claim to class leadership by virtue of speculative, self-defined "interests", as Bozorgi has done here. Pursuant to the PSLRA, if Bozorgi wished to represent the claims of investors in *Cassava II*, he could have followed the statutory instructions and filed a motion for appointment as Lead Plaintiff therein on the April 2, 2024 deadline. Yet Bozorgi chose not to do so, likely because he does not even qualify as a *Cassava II* Class member, and instead pursued an impermissible alternative strategy. Rather than seek class leadership in *Cassava II*, Bozorgi sought to seize the *Cassava II* Class's claims by asserting ownership of its entire 420-day Class Period. Again, there is no overlap whatsoever between the *Cassava I* and *Cassava II* Class Periods, yet Bozorgi's attempted land grab would concurrently expand the *Cassava I* Class Period by 443 days, or over 65%, while denying Cassava investors who purchased during the *Cassava II* Class Period any opportunity to seek Class leadership. Finding Bozorgi to have an "interest" in *Cassava II* would set a damaging precedent and risk undermining the purposes of the PSLRA by encouraging extra-statutory gamesmanship in securing leadership roles in securities class actions. The fact that Bozorgi does not even claim to be a member of the *Cassava II* Class makes his conduct all the more specious.

Bozorgi's second and third arguments—that *Cassava II* may impair his ability to protect his interests, and that Baker does not adequately represent Bozorgi's interests—obviously derive from Bozorgi's claimed interest in *Cassava II*. Lacking any such interest, Bozorgi's second and third arguments are accordingly moot. *See*, *e.g.*, *Taco Bell Corp. v. Continental Cas. Co.*, No. 01 C 0438, 2003 WL 124454, at *7 (N.D. Ill. Jan. 13, 2003) (finding "the question of 'inadequate

8

representation'" of would-be intervenor's interest to be "moot in light of the Court's predicate finding that [movant] lacks a cognizable 'interest' under Rule 24(a)(2).").

## II.  Permissive Intervention Is Unwarranted

Nor is intervention appropriate under Fed. R. Civ. P. 24(b), which permits intervention where (1) the motion is timely; (2) intervenors have a "claim or defense that shares with the main action a common question of law or fact"; *and* (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b).

Here, Bozorgi satisfies *none* of the three factors.  First, as discussed *supra*, his motion is untimely.  Although Bozorgi could have promptly sought intervention at the outset of *Cassava II*, he instead waited to do so until less than two weeks before the April 2, 2024 Lead Plaintiff motion deadline (*see* Dkt. No. 12), far too late for the Court to allow briefing and adjudicate the Intervention Motion prior to the Lead Plaintiff motion deadline.

Second, given that there is *zero* overlap between the *Cassava I* and *Cassava II* Class Periods, the two cases do *not* share common questions of law and fact.  Bozorgi argues that both cases allege violations of the Exchange Act and SEC Rule 10b-5, but that characterization of the two actions is far too general to support the requisite finding of commonality.  Bozorgi's argument does not acknowledge the salient point that the Defendants' alleged misconduct occurred during different, non-overlapping Class Periods, which significantly undercuts his case for commonality.  Moreover, as discussed, Bozorgi's two pending and *opposed* motions in *Cassava I*, in which Bozorgi attempts to lay claim to the entirety of the *Cassava II* Class Period, are far too conjectural to establish commonality for the purposes of the Intervention Motion.  Given the different Class Periods at issue in *Cassava I* and *Cassava II*, the two actions obviously implicate different statements and different corrective disclosures.  Nor is there complete overlap among the

Defendants in the two actions, as *Cassava I* names two individual defendants who are not named in *Cassava II*.

Third, the mere filing of the Intervention Motion has already delayed and prejudiced the rights of Baker and other *Cassava II* Class members, and granting the motion will do so even more egregiously. The Lead Plaintiff Motion Deadline in *Cassava II* was two weeks ago, on April 2, 2024. Two Class members timely filed motions: (1) John Kreilich (Dkt. No. 26); and (2) Amjad Fraitekh (Dkt. No. 22). Because of the Intervention Motion, the Court has yet to so much as enter a briefing schedule for Kreilich and Fraitekh's motions, let alone adjudicate them. The delay in appointment a Lead Plaintiff in *Cassava II* prejudices not only the rights of the two Lead Plaintiff movants, but indeed the interests of **all** members of the *Cassava II* Class to the extent that it delays the prosecution of their fraud claims in this action. Moreover, should the Court grant the Intervention Motion in all respects and enter an Order retroactively striking the April 2, 2024 Lead Plaintiff deadline, then Kreilich and Fraitekh's timely and proper motions will presumably be denied as moot, contravening their right to seek appoint as Lead Plaintiff pursuant to the PSLRA.

III.    **The Court Should Maintain *Cassava II* in the Northern District of Illinois**

Bozorgi's Intervention Motion also seeks the transfer of *Cassava II* to the Western District of Texas for consolidation with *Cassava I*. To the extent that the Court denies Bozorgi's request to intervene in *Cassava II* and finds that he lacks any interest in the subject of *Cassava II* (as indeed it should), then Baker submits that there is no reason to credit his arguments in favor of transfer. Indeed, Bozorgi's argument in favor of transfer disregards the well settled point of law that "[a] plaintiff's choice of forum ordinarily is entitled to 'substantial deference,' particularly when the chosen forum is the plaintiff's home forum." *Dale v. Deutsche Telekom AG*, No. 22 C 03189, 2022 WL 6123365, at *2 (N.D. Ill. Oct. 7, 2022) (quoting *AL& PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *2 (N.D. Ill. Feb. 19, 2015)). Here, Baker

10

resides in Illinois and opted to file suit in the Northern District, a fact that carries significant weight. By contrast, the preferences of Bozorgi, a non-party who has no interest in *Cassava II*, have no bearing on the analysis.

## IV.    The April 2, 2024 Lead Plaintiff Deadline Should Not Be Vacated or Stricken

Finally, Bozorgi urges the Court "to vacate or strike the April 2 lead-plaintiff deadline" because the pendency of *Cassava I* purportedly renders it superfluous. Dkt. No. 13 at 14-15. As Bozorgi tells it, there is no need to appoint a separate Lead Plaintiff for *Cassava II* because Bozorgi is "already pursuing the losses caused by the October 12, 2023" corrective disclosure that ended the *Cassava II* Class Period. Moreover, Bozorgi insists that, because the *Cassava II* Class Period is, in his view, appropriately subsumed within *Cassava I*, "the deadline to file for lead plaintiff expired years ago"—*i.e.*, upon expiry of *Cassava I* Lead Plaintiff deadline. Dkt. No. 13 at 14.

Bozorgi's argument fails for the same essential reasons that his request for intervention is unwarranted—namely, he has no interest in the subject of *Cassava II*. Despite Bozorgi's insistence that he is "already pursuing" recovery on behalf of *Cassava II* Class members, Bozorgi has ***never*** been appointed to serve as Lead Plaintiff for a Class of investors who purchased Cassava securities between August 18, 2022 through October 12, 2023 (*i.e.*, the *Cassava II* Class Period), nor has he ever filed any Complaint on behalf of a Class that includes such investors. Rather, over two years ago, Bozorgi was appointed to serve as Lead Plaintiff on behalf of investors who purchased Cassava securities during the separate and distinct Class Period of February 2, 2021 through August 24, 2021. *Cassava I* Dkt. No. 1 ¶ 1. The *Cassava I* Class Period was then expanded in the Amended Complaint to extend from September 14, 2020 through July 26, 2022 (*Cassava I* Dkt. No. 68 ¶ 46), a period which ***still*** does not overlap with the Class Period alleged in *Cassava II*. This does not empower him to shut down the Lead Plaintiff process in *Cassava II*, an action in which he ***does not even claim to be a Class member***. Indeed, the entire premise of Bozorgi's

11

motion is that, despite the fact that he is ***not even a Class member*** in *Cassava II*, he will somehow convince the *Cassava I* court to permit him to subsume the entire *Cassava II* Class Period, thereby increasing the length of the *Cassava I* Class Period by over **65%**.  There is little precedent for such a transparent gambit, which would obviously subvert the statutory process set forth in the PSLRA.

In sum, Bozorgi effectively asks the Court to proceed on the assumption that the *Cassava I* Court will grant his Motion to Supplement and/or Class Certification Motion.  There is no reason for this Court to assume as much, and the Court certainly should not cancel the duly noticed Lead Plaintiff appointment process in *Cassava II* on such a flimsy and speculative basis.  The *Cassava II* Class deserves, and the PSLRA entitles it to, a Lead Plaintiff duly appointed pursuant to the statute.

## CONCLUSION

For the foregoing reasons, Baker respectfully requests that the Court issue an Order denying the Intervention Motion in all respects.

Dated:  April 16, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Attorneys for Plaintiff*

12