UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA BAKER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:24-cv-00977 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Honorable Sara L. Ellis |
| CASSAVA SCIENCES, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**MOHAMMAD BOZORGI'S REPLY IN FURTHER SUPPORT OF MOTION TO INTERVENE, TRANSFER, AND VACATE LEAD-PLAINTIFF DEADLINE**

4894-4282-5400.v4

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...............................................................................................1

II.    CORRECTIONS TO THE RECORD ................................................................2

III.   LEAD PLAINTIFF BOZORGI IS ENTITLED TO INTERVENE AS A
      MATTER OF RIGHT.........................................................................................4

      A.    Baker Cites No Authority to Suggest This Motion Is Untimely..............4

      B.    Lead Plaintiff Has an Interest in This Case under Seventh Circuit
            Authority .................................................................................................5

      C.    Baker Does Not Dispute that This Case May Impair Lead Plaintiff's
            Ability to Protect the Interests of the Class, which Baker Does Not
            Adequately Represent ..............................................................................8

      D.    In the Alternative, Lead Plaintiff Has Established that Permissive
            Intervention Is Warranted .......................................................................9

IV.   THE ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT
      OF TEXAS FOR CONSOLIDATION .............................................................10

V.    APPOINTING ANOTHER LEAD PLAINTIFF IN THIS REDUNDANT CASE
      WOULD BE COUNTER TO THE PSLRA .....................................................12

VI.   CONCLUSION.................................................................................................14

4894-4282-5400.v4

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ali v. City of Chi.*,
34 F. 4th 594 (7th Cir. 2022) ...............................................................................................5

*Ballotti v. Oppenheimer Funds, Inc.*,
2011 WL 13382871 (N.D. Ill. Feb. 23, 2011) ...................................................................11

*China Agritech, Inc v. Resh*,
584 U.S. 732 (2018)...........................................................................................................13

*Dale v. Deutsche Telekom AG*,
2022 WL 6123365 (N.D. Ill. Oct. 7, 2022)...................................................................10, 11

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990)...........................................................................................................11

*Hom v. Vale, S.A.*,
2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ......................................................................14

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010)........................................................................5

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011)...................................................................13

*In re CenturyLink Sales Pracs. & Sec. Litig.*,
2018 WL 1902725 (D. Minn. Apr. 20, 2018).....................................................................12

*In re Discovery Zone Sec. Litig.*,
181 F.R.D. 582 (N.D. Ill. 1998)...........................................................................................8

*In re Enron Corp., Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002).........................................................................................5

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013)...................................................................14

*In re Hous. Am. Energy Corp. Sec. Litig.*,
970 F. Supp. 2d 613 (S.D. Tex. 2013), *rev'd on other grounds sub nom.*,
*Spitzberg v. Hous. Am. Energy Corp.*,
758 F.3d 676 (5th Cir. 2014) .............................................................................................14

*In re Under Armour Sec. Litig.*,
2020 WL 363411 (D. Md. Jan. 22, 2020)..........................................................................13

4894-4282-5400.v4

**Page**

*Kin-Yip Chun v. Fluor Corp.*,
    2020 WL 2745527 (N.D. Tex. May 26, 2020) ...........................................................6, 7, 10, 13

*Lax v. First Merchs. Acceptance Corp.*,
    1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................................1, 10, 12

*Okla. Law Enf't Ret. Sys. v. Adeptus Health, Inc.*,
    2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ...................................................................12, 13

*Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*,
    2020 WL 1181366 (D. Conn. Mar. 10, 2020) ................................................................6, 12, 13

*Reich v. ABC/York-Estes Corp.*,
    64 F.3d 316 (7th Cir. 1995) .............................................................................................4

*Reid L. v. Ill. St. Bd. of Educ.*,
    289 F.3d 1009, 1018 (7th Cir. 2002) ...............................................................................4

*Sudunagunta v. NantKwest, Inc.*,
    2017 WL 8811608 (C.D. Cal. Feb. 6, 2017)....................................................................14

*Turner v. ShengdaTech, Inc.*,
    2011 WL 6110438 (S.D.N.Y. Dec. 6, 2011) ...................................................................13

*Vanguard Prods. Grp., Inc. v. Protex Int'l Corp.*,
    2006 WL 695700 (N.D. Ill. Mar. 14, 2006)....................................................................11

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ............................................................................11

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(B)(ii)..........................................................................................................1
    §78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................................9

Federal Rules of Civil Procedure
    Rule 24(b) ......................................................................................................................9

Securities Exchange Commission
    Rule 10b-5......................................................................................................................3

4894-4282-5400.v4

## I.    INTRODUCTION

This case belongs in the Western District of Texas as a related action to the consolidated securities fraud litigation that has been pending before Judge Ezra for several years.  Baker does not dispute that her claims are a continuation of the same fraudulent scheme that has always been at the heart of the Consolidated Action.[1]  Nor could she.  Both actions concern defendants Cassava Sciences Inc., its CEO Remi Barbier, and its CFO Eric Schoen's scheme to mislead investors about Cassava's primary drug-candidate simufilam's pre-clinical and clinical research, which was tainted by data manipulation and scientific misconduct.  And pursuant to Congress's mandate in the PSLRA, Judge Ezra has already appointed a lead plaintiff to direct that securities fraud litigation – namely, movant and intervenor, Mohammad Bozorgi.

Baker's only response to all of this is that she pled a class period adjacent to what was initially pled in the Consolidated Action.  Leaving aside that Bozorgi has moved to certify the entire Class Period, including the stub period here, it has long been recognized that the PSLRA lead-plaintiff appointment pertains to "claims," not "class periods."  *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997).  Thus, actions may still pertain to "substantially the same claims," even if they allege different class periods.  *Id.*  What that means in practical terms here is that Judge Ezra's lead-plaintiff appointment of Bozorgi extends to "substantially the same claim[s]" (15 U.S.C. §78u-4(a)(3)(B)(ii)), including Baker's claims, regardless of whether differing class periods were initially alleged.

And while Baker attempted to evade Judge Ezra's orders by filing this case outside his jurisdiction and starting her alleged class period right after the filing of the Complaint in the

---

[1]    All terms defined in the Memorandum in Support of Mohammad Bozorgi's Motion to Intervene, Transfer, and Vacate Lead-Plaintiff Deadline (*Baker* ECF 13) have the same meaning here as used therein. Additionally, emphasis is added and citations are omitted throughout.

4894-4282-5400.v4

Consolidated Action, her allegations necessarily stretch back to 2020 and hinge off a 2021 FDA Citizen's Petition that raised concerns about laboratory-based studies of simufilam, same as in the Consolidated Action.  In fact, the FDA Citizen's Petition and resulting CUNY investigation into Cassava's scientist Dr. Wang, are core components of the Complaint.  *See, e.g.*, Consol. ECF 68, ¶¶28, 33, 38, 357-359, 368, 387, 388, 458, 463-464.

It was not until recently, however, that the results of the CUNY investigation became public through an October 12, 2023 article published in the journal *Science*, which caused Cassava's stock price to decline significantly.  The ***only*** reason Bozorgi did not initially plead this corrective disclosure and the subsequent stock drop is because it occurred over a year after the Complaint was filed on August 18, 2022.  Since then, Lead Plaintiff has moved to supplement the Complaint with this subsequent development and moved to certify the extended Class Period in the Consolidated Action, entirely subsuming the proposed class period in this action.[2]

In the end, an artfully pled consecutive class period cannot thwart the PSLRA's framework for lead-plaintiff appointments in securities fraud litigation.  The PSLRA does not allow for the lead-plaintiff process to be restarted every time there is a subsequent factual development in an existing action.  Bozorgi respectfully submits that his Motion to Intervene, Transfer, and Vacate Lead-Plaintiff Deadline (ECF 12) ("Motion") should be granted in its entirety.

## II.    CORRECTIONS TO THE RECORD

Unable to deny this case arises from the same fraudulent scheme as the Consolidated Action, Baker misstates a number of facts.  Lead Plaintiff addresses some of the more egregious examples below.

---

[2]    Months before the commencement of the *Baker* action in February 2024, Lead Plaintiff began drafting a supplemental complaint in the Consolidated Action. Lead Plaintiff provided a draft supplement to defendants in December 2023.  Consol. ECF 129-4.

4894-4282-5400.v4

First, Baker inaccurately claims that "Defendants' alleged misconduct occurred during different, non-overlapping Class Periods." *Baker* ECF 36 at 12.[3]  But this is easily disproven. Baker's allegations emanate from 2021 – the heart of Lead Plaintiff's class period – when defendants falsely and recklessly denied the allegations in the Citizen Petition.  *See, e.g.*, *Baker* ECF 1, ¶¶4-5; Consol. ECF 68, ¶¶316-337, 371, 413, 438-445, 457-464.  That Cassava's data was "susceptible" to manipulation and "misrepresented" the efficacy of its research (*Baker* ECF 1, ¶6) is conduct that Lead Plaintiff already alleged occurred as of the start of the Class Period in the Consolidated Action.  *See* Consol. ECF 68.  Thus, there is substantial overlap.

Second, Baker inaccurately claims that "the two cases do ***not*** share common questions of law and fact." *Baker* ECF 36 at 12.  But no one disputes these cases both: (i) arise from, and are a continuation of, the same fraudulent scheme; and (ii) allege violations of §§10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5.  And, in Pomerantz's motion for another plaintiff (John Kreilich, not Baker) to serve as lead plaintiff, it recites facts purportedly from this case that are rooted in the Consolidated Action.  *Compare Baker* ECF 27 at 6-7, *with* Consol. ECF 68, ¶¶3, 5, 12, 14-15, 33-35, 105, 110, 289, 357.  Moreover, contrary to Baker's claims, both actions allege similar, and, in numerous instances, ***identical*** misleading statements.  *See* §III.B., *infra*.  Therefore, whether defendants' fraudulent scheme and these misstatements violated the federal securities laws are plainly common questions of law and fact shared by both actions.

Third, Baker inaccurately claims there are "two individual defendants" named in the Consolidated Action who are not named here (*Baker* ECF 36 at 12-13), but Baker fails to acknowledge that defendant Nadav Friedmann was dismissed from the Consolidated Action after

---

[3]    ECF pinpoint cites are to the pagination automatically generated by the ECF/CRM system.

4894-4282-5400.v4

he died.  Consol. ECF 104 at 32.  All but one individual defendant, Dr. Burns, is the same.  Thus, the Consolidated Action is already proceeding against ***all*** of the defendants named in this action.

### III.    LEAD PLAINTIFF BOZORGI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

#### A.    Baker Cites No Authority to Suggest This Motion Is Untimely

In opposing transfer, Baker agrees that the test for timeliness is "reasonableness" (*Baker* ECF 36 at 7), but cites no authority suggesting a motion to intervene is untimely if it is filed just one month after the action is filed.  In fact, the Seventh Circuit has held that a motion to intervene was timely when the intervenors learned of the case a ***year-and-a-half*** prior.  *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995).  Baker's authority (*Baker* ECF 36 at 8) also underscores that Lead Plaintiff's Motion is timely.  In *Reid L. v. Ill. St. Bd. of Educ.*, for example, the Seventh Circuit affirmed the district court's finding that motions to intervene were untimely where they were filed ***nine years*** after the litigation began and more than ***ten months*** after the underlying action was ***settled***.  289 F.3d 1009, 1018 (7th Cir. 2002).  Here, Lead Plaintiff filed his Motion only one month after the *Baker* complaint was filed, and before the lead-plaintiff deadline.  *Baker* ECF 12.  Thus, Baker's contention that this Motion was untimely is simply incorrect.

Additionally, Lead Plaintiff filed a motion to supplement in the Consolidated Action on February 22, 2024 that pleads the recent corrective disclosure.  *See* Consol. ECF 129.  Shortly thereafter, on March 13, 2024, Lead Plaintiff moved in the Consolidated Action to certify a class of purchasers or acquirers of Cassava securities from September 14, 2020 through October 12, 2023, inclusive, which subsumes the putative class period in this action.  *See* Consol. ECF 148. There is no delay or prejudice, given that the Class is already adequately represented by Lead Plaintiff.  After all, Lead Plaintiff has filed a comprehensive Complaint, defeated defendants'

4894-4282-5400.v4

motion to dismiss, is actively pursuing discovery from defendants and numerous third parties, and moved for class certification. The Motion is, therefore, timely.

**B.   Lead Plaintiff Has an Interest in This Case under Seventh Circuit Authority**

Tellingly, Baker does not even try to distinguish authority establishing Lead Plaintiff has an interest in this action. Rather, Baker (without authority) incorrectly claims Bozorgi should have moved for lead plaintiff in this matter. Baker has it backwards. Instead, she should have never issued another lead-plaintiff notice for this case. After all, Judge Ezra already adjudicated lead plaintiff and appointed ***Bozorgi*** to serve as lead plaintiff for investors against these defendants for this fraud, finding him "the most appropriate lead plaintiff" including because of his over ***$1.5 million*** in losses. Consol. ECF 59 at 6, 10.

Under the PSLRA, lead plaintiffs, such as Bozorgi, are appointed to "'vigorously pursue all available causes of action against all possible defendants under all available legal theories.'" *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (Once appointed, PSLRA lead plaintiffs have the "authority to decide what claims to assert on behalf of the class."). That naturally extends to decisions as to whether to expand or narrow a class period based on the discovery served in the case, or subsequent developments, or both. *See Ali v. City of Chi.*, 34 F. 4th 594, 603 (7th Cir. 2022) (finding that "proposed class definitions are often narrowed or expanded as the parties engage in discovery at the class certification stage").

Here, Lead Plaintiff Bozorgi has exercised his authority to decide what claims to assert on behalf of the Class in the Consolidated Action and, once the *Science* article revealed additional fraud-related information, moved to supplement the Complaint and to certify a Class Period that extends through that corrective disclosure. Consol. ECF 148. As such, Lead Plaintiff is not only

a member of the Class, he has ***over $1.6 million*** in losses, compared to Baker's four shares of Cassava stock and the relatively meager losses asserted by the two lead-plaintiff movants. *See Baker* ECF 23 at 5 (claiming $20,833.71 in losses); *Baker* ECF 27 at 6 (claiming $36,145 in losses); Consol. ECF 129-5, ¶52. It is therefore mistaken to suggest Lead Plaintiff has no interest here.

Baker is also incorrect to suggest that Bozorgi does not qualify as a Class member for the extended period. It is well established that "a lead plaintiff in a consolidated securities class action need not have purchased shares all the way until the end of the class period." *See Ontario Tchrs.' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, 2020 WL 1181366, at *17 (D. Conn. Mar. 10, 2020). Furthermore, proposed Class representative Ken Calderone in the Consolidated Action – who suffered over $68,000 in losses – purchased 300 shares of Cassava stock between August 18, 2022 and October 12, 2023. *See* Consol. ECF 129-5, ¶53, at 185.

Moreover, Baker cannot credibly deny that her allegations are "part of the same course of conduct" alleged in the Consolidated Action. *See Teva*, 2020 WL 1181366, at *9 (consolidating cases with consecutive class periods because "many facts are common to both actions; the proof in each action will be substantially the same," and the misrepresentations that occurred in the earlier and later class periods "were part of the same course of conduct"); *Kin-Yip Chun v. Fluor Corp.*, 2020 WL 2745527, at *5 (N.D. Tex. May 26, 2020) (finding the cases should be consolidated as "the conduct in the amended consolidated complaint constitute 'a clear continuation of the conduct' alleged in the initial consolidated complaint").

Here, like the Consolidated Action, Baker's claims concern the Cassava defendants' scheme to mislead investors about simufilam's pre-clinical and clinical research. *Compare* Consol. ECF 68, ¶¶1, 55, 69, 105-109, 143-251, 520-526, *with Baker* ECF 1, ¶¶1, 6, 15-17. Like the Consolidated Action, Baker alleges defendants made misleading statements concerning

- 6 -

Cassava's Phase 2, Phase 2 Open-Label, and Phase 3 studies. *Compare* Consol. ECF 68, ¶¶272, 282, 289, 307, *with Baker* ECF 1, ¶¶23-24, 31-32. Baker even alleges ***identical*** statements as those alleged in the Consolidated Action, including: (1) "'Published studies have demonstrated that the altered form of FLNA causes neuronal dysfunction, neuronal degeneration and neuroinflammation,'"[4]; (2) "'We have generated and published experimental and clinical evidence of improved brain health with simufilam,'"[5]; and (3) "'Through this work, we have produced experimental evidence that altered FLNA plays a critical role in Alzheimer's disease'".[6]

Further, like the Consolidated Action, Baker alleges that prominent scientists filed a Citizen's Petition with the FDA raising "grave concerns about the quality and integrity of the laboratory-based studies surrounding" simufilam, and that defendants' subsequent denials to investors were misleading. *Compare* Consol. ECF 68, ¶¶12-13, 316, 332, 333, 340, 343, 413, 439, 457, 464, *with Baker* ECF 1, ¶¶4-5, 22. And, following the Citizen's Petition, CUNY launched an investigation culminating in the sole corrective disclosure in this action that arises from the same course of conduct alleged in the Complaint. *See* Consol. ECF 68, ¶¶28, 33, 38, 357-359, 367-368, 388, 407, 417, 458, 463-464; *Baker* ECF 1, ¶35.

The only material new information in *Baker* is the corrective disclosure on October 12, 2023 regarding the CUNY investigation results – which is now covered by Lead Plaintiff's proposed supplement. And Baker does not dispute that the result of the CUNY investigation relates directly to the allegations in the Consolidated Action. *See Fluor*, 2020 WL 2745527, at *4

---

[4]     *Compare* Consol. ECF 68, ¶286, *with Baker* ECF 1, ¶26.

[5]     *Compare* Consol. ECF 68, ¶¶286, 304, *with Baker* ECF 1, ¶26.

[6]     *Compare* Consol. ECF 68, ¶304, *with Baker* ECF 1, ¶27.

- 7 -

(finding the cases should be consolidated as "the amended consolidated complaint in this case subsumes the issues of law and fact in Union's complaint, as no party disputes").

Finally, Baker does not dispute that Cassava had no revenues during the Class Period and, thus, Lead Plaintiff has an interest in any insurance coverage and funds available for satisfying a settlement or judgment. *See In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 593 (N.D. Ill. 1998) ("An interest in a specific settlement fund likewise satisfies Rule 24(a)'s interest prong.").

Bozorgi has ample interest in this case; in fact, based on his monetary losses arising from defendants' fraud, he has a great deal more interest in this case than Baker or either of the two lead plaintiff movants.

### C. Baker Does Not Dispute that This Case May Impair Lead Plaintiff's Ability to Protect the Interests of the Class, which Baker Does Not Adequately Represent

Baker does not dispute that this action may impair and impede Lead Plaintiff's ability to protect his interests and those of the Class, but rather asserts that this argument is moot. *Baker* ECF 36 at 11-12. As Bozorgi explained in his memorandum, not only is there a risk of this action jeopardizing available funds to satisfy a settlement or judgment, but there is also a risk that this Court and Judge Ezra will issue inconsistent rulings. *Baker* ECF 13 at 10-11.

Additionally, Baker has not established that she, and the other lead-plaintiff movants in this action, will adequately represent the interests of the Class in the Consolidated Action. *Baker* ECF 36 at 11-12. Pomerantz – who sought but was denied lead plaintiff in the Consolidated Action – now seeks to evade Judge Ezra's consolidation order and the lead-plaintiff process that concluded over two years ago. Moreover, this action only covers a portion of the Class Period that Lead Plaintiff moved to certify in the Consolidated Action. *Compare* Consol. ECF 148 (Class Period of September 14, 2020 through October 12, 2023, inclusive), *with Baker* ECF 1, ¶1 (August 18, 2022 through October 12, 2023, inclusive).

4894-4282-5400.v4

Further, Baker's purchase of four shares of Cassava stock pales in comparison to Bozorgi's loss of over $1.6 million. *See Baker* ECF 1-2; Consol. ECF 129-5, ¶52. Even considering the losses of the two lead-plaintiff applicants in this case, which were approximately $36,145 (*Baker* ECF 27 at 6) and $20,833 (*Baker* ECF 23 at 5), Lead Plaintiff remains best suited to represent the Class, just as Judge Ezra determined nearly two years ago. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) (PSLRA provides that the lead-plaintiff applicant with the "largest financial interest" is presumptively the most adequate plaintiff).

Lead Plaintiff is, therefore, entitled to intervene.

### D. In the Alternative, Lead Plaintiff Has Established that Permissive Intervention Is Warranted

Lead Plaintiff also satisfied all three factors for permissive intervention under Rule 24(b), which permits intervention when: (1) the motion is timely; (2) intervenors have a "claim or defense that shares with the main action a common question of law or fact"; and (3) intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

First, as explained above, the Motion was timely as Lead Plaintiff moved promptly to intervene in this case the month after it was filed and before the lead-plaintiff deadline ran. *See* §III.A., *supra*. In her opposition, Baker cited no authority to the contrary. *Baker* ECF 36 at 7-8, 12.

Second, despite Baker's repeated denials, this case shares common questions of law and fact with the Consolidated Action. *See* §§I, II, III.B., *supra*. In fact, nearly all the questions are the same, including whether the core question as to whether the Cassava defendants engaged in a scheme to mislead investors about data manipulation and scientific misconduct plaguing simufilam's clinical research. *Id.* Baker attempts to argue there is none because she alleged a consecutive class period. But as the *Lax* court observed, the PSLRA refers to "claims," not "class

- 9 -

4894-4282-5400.v4

periods" and thus commonalities persist even if Lead Plaintiff had not moved to supplement the Complaint and extended the Class Period (which he did).  *See Lax*, 1997 WL 461036, at \*4.

Baker nevertheless asserts, without any basis, that this Motion has prejudiced her rights. *Baker* ECF 36 at 13.  It is hard to see how.  Lead Plaintiff filed his Motion prior to the lead-plaintiff deadline, prior to any motion to dismiss, and prior to the commencement of discovery.  *See Fluor*, 2020 WL 2745527, at \*3 ("The Court also finds the parties in this case will not be unduly prejudiced by Union's intervention because this case has not yet proceeded to discovery and that briefing on the upcoming motion to dismiss will not be complete for several months.").  Moreover, as discussed above, Lead Plaintiff has ***already*** been pursuing these claims successfully for years and has now moved to certify the entire Class Period – including the portion in which Baker purchased four shares of stock.  *See* §I, *supra*.  Given its advanced posture, the Consolidated Action is the best chance for Baker to obtain timely relief.

Permissive intervention is thus warranted.

**IV.  THE ACTION SHOULD BE TRANSFERRED TO THE WESTERN DISTRICT OF TEXAS FOR CONSOLIDATION**

While Baker claims that her choice of forum is entitled to "substantial deference" (Opp. at 13), her own authority supports a transfer to the Western District of Texas for consolidation. Indeed, as the court explained in *Dale v. Deutsche Telekom AG*, 2022 WL 6123365, at \*3 (N.D. Ill. Oct. 7, 2022), "courts typically give less deference to a plaintiff's choice to sue in its home forum when a case is brought as a class action . . . .  '[A] plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events.'"  *Id.*

Here, Cassava is headquartered in the Western District of Texas, and defendants Remi Barbier and Eric Schoen, along with many of the percipient witnesses, all reside and work in the

Western District of Texas.  Defendants carried out their fraudulent scheme in the Western District of Texas.  Consol. ECF 68, ¶50.  And the Consolidated Action arising out of the same core facts is pending there.  Even assuming for the sake of argument that the convenience of the parties and witnesses factor weighed evenly, a transfer would still be in the "interests of justice" because the Consolidated Action "concerning nearly identical facts and allegations" is pending in the Western District of Texas.  *See Ballotti v. Oppenheimer Funds, Inc.*, 2011 WL 13382871, at \*6 (N.D. Ill. Feb. 23, 2011).  Accordingly, the Western District of Texas has the "'stronger relationship to the dispute,'" and Baker's choice of the Northern District of Illinois "'has no connection to the material events.'"  *See Dale,* 2022 WL 6123365, at \*3.

Moreover, transferring this action to the Western District of Texas where it can be consolidated with the Consolidated Action would foster judicial efficiency by preventing parallel litigation and the duplicative costs and burdens attendant to such litigation.  *See Ballotti*, 2011 WL 13382871, at \*6 (finding that transfer would "save judicial resources, as well as the time and energy of the litigants and witnesses involved"); *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (Parallel litigation "'leads to the wastefulness of time, energy and money that §1404(a) was designed to prevent.'").

Finally, the first-to-file rule supports a transfer.  *See, e.g.*, *Vanguard Prods. Grp., Inc. v. Protex Int'l Corp.*, 2006 WL 695700, at \*2, \*5 (N.D. Ill. Mar. 14, 2006) ("For the presumption of the first-to-file rule to be overcome, there must be a clear showing that it would be unjust or inefficient for the first-filed lawsuit to proceed.").  Applying the first-to-file rule here would allow for the "'conservation of judicial resources and comprehensive disposition of litigation.'"  *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).

Accordingly, the Court should transfer this case to the Western District of Texas.

4894-4282-5400.v4

## V.     APPOINTING ANOTHER LEAD PLAINTIFF IN THIS REDUNDANT CASE WOULD BE COUNTER TO THE PSLRA

Finally, the Court should strike Baker's lead-plaintiff notice and the two lead-plaintiff applications that have been filed.  While Baker does not like this outcome, she has no authority to counter it.  And her position defies Congress' clear mandate under the PSLRA to allow lead-plaintiff appointments only once.

Here, the 60-day statutory period was triggered in August 2021 by the PSLRA notice published in the Consolidated Action, after which "the deadline to file a request to be Lead Plaintiff expired on [October 26, 2021], and [any new motions are] time-barred."  *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 1902725, at \*5-\*6 (D. Minn. Apr. 20, 2018) (recognizing that the "PSLRA has a strict deadline for filing lead plaintiff motions, stemming from Congress's intent 'to have lead plaintiffs appointed as soon as practicable'").  The deadline to move for lead plaintiff, therefore, ran years ago.

In similar circumstances, courts have eschewed new PSLRA notice or PSLRA lead-plaintiff appointment: "The fact that a later-filed complaint alleges a different class period would not bring that complaint out of the aegis of §21D(a)(3)(A)(ii).  That section refers only to claims and not to class periods.  If a later action asserts substantially the same claims, no new notice is required."  *See, e.g.*, *Lax*, 1997 WL 461036, at \*4 & n.7.

Rather, in cases "'encompassing the same claims and securities, but somewhat different class periods, courts have generally found that the efficiency cost of republication outweighs the marginal fairness gains of notifying class members' because 'most potential lead plaintiffs are probably eligible under either class period.'"  *Teva*, 2020 WL 1181366, at \*10; *see Okla. Law Enf't Ret. Sys. v. Adeptus Health, Inc.*, 2017 WL 3780164, at \*3 (E.D. Tex. Aug. 31, 2017) ("The new complaints changed the class period, but simply changing the class period does not necessitate

- 12 -

a new notice be sent out."); *Fluor*, 2020 WL 2745527, at \*5 (22-month class-period expansion "is not a dramatic alteration"). "In sum, when 'the legal claims are the same and the factual allegations are substantially similar between the original and amended Complaints,' no republication is necessary under the PSLRA." *Teva*, 2020 WL 1181366, at \*10. Here, as Baker alleges the same legal claims against the same defendants arising from similar factual allegations (*id.*), no new notice was required – or allowed.

To allow otherwise would undermine the PSLRA and Judge Ezra's orders. Indeed, courts have previously observed that entertaining seriatim complaints and lead-plaintiff applications each time a new fact comes to light would invite "'the type of lawyer-driven litigation that the PSLRA seeks to avoid, and would likely promote near-endless skirmishes'" that consume the Court's resources. *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 2011 WL 4538428, at \*2 (S.D.N.Y. Sept. 29, 2011); *see also China Agritech, Inc v. Resh*, 584 U.S. 732, 740-44 (2018); *Adeptus Health*, 2017 WL 3780164, at \*3. That is precisely the gambit which Baker has attempted here.

This Court, like the courts before it, should reject Baker's attempt to re-open lead plaintiff. *See In re Under Armour Sec. Litig.*, 2020 WL 363411, at \*4 (D. Md. Jan. 22, 2020) (rejecting a tag-along plaintiff's attempt to file a new action and initiate a new lead plaintiff process in response to the announcement of a government investigation that "related to accounting practices which were allegedly employed during the [c]lass [p]eriod [in the already-existing class action]"); *Teva*, 2020 WL 1181366, at \*9 (consolidating later-filed cases into existing class action overseen by a court-appointed PSLRA lead plaintiff, permitting lead plaintiff to file a second amended complaint incorporating new claims and class period, and declining republication of PSLRA notice).[7]

---

[7]    The cases rejecting attempts to reopen the lead plaintiff process are too many to cite here. *See, e.g.*, *Turner v. ShengdaTech, Inc.*, 2011 WL 6110438, at \*3 (S.D.N.Y. Dec. 6, 2011) ("Courts, however, disfavor

- 13 -

After all, Bozorgi has the "sole authority to make strategic decisions on behalf of the class." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 2013 WL 4399215, at \*3 (S.D.N.Y. Aug. 13, 2013). And Bozorgi is ably doing so by pursuing the loss caused by the October 12, 2023 *Science* article and protecting the Class' interests in the Consolidated Action.

Baker never should have issued a new lead plaintiff notice. The Court should thus strike the lead-plaintiff deadline and the two applications for lead plaintiff and direct the publication of a corrected notice.[8]

## VI.    CONCLUSION

For all the reasons herein and in his opening papers, Lead Plaintiff respectfully requests that the Court grant his motion to intervene, transfer the *Baker* action to the Western District of Texas for consolidation before Judge Ezra, and strike the lead-plaintiff deadline and applications.

DATED: April 23, 2024                 Respectfully submitted,

                                      ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                      DANIEL S. DROSMAN
                                      RACHEL JENSEN (admitted *pro hac vice*)
                                      KEVIN A. LAVELLE (admitted *pro hac vice*)
                                      JEREMY W. DANIELS

                                      */s/ Rachel Jensen*
                                      RACHEL JENSEN

---

republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action."); *Hom v. Vale, S.A.*, 2016 WL 880201, at \*4 (S.D.N.Y. Mar. 7, 2016) (finding that "courts typically 'disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action'"); *In re Hous. Am. Energy Corp. Sec. Litig.*, 970 F. Supp. 2d 613, 646 (S.D. Tex. 2013) ("cost of republication would outweigh any marginal gains from notifying class members of the extension of the [c]lass [p]eriod"), *rev'd on other grounds sub nom.*, *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676 (5th Cir. 2014); *Sudunagunta v. NantKwest, Inc.*, 2017 WL 8811608, at \*4 (C.D. Cal. Feb. 6, 2017) (no republication required where "newly filed complaints expanded the class period (by about sixteen months)" and "added a Securities Act claim to the previously alleged Exchange Act claims").

[8]    A proposed form of a corrective press release was attached as Exhibit A to the [Proposed] Order submitted concurrently with the Motion to the Court's proposed order inbox.

4894-4282-5400.v4

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
dand@rgrdlaw.com
rachelj@rgrdlaw.com
klavelle@rgrdlaw.com
jdaniels@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
FRANK A. RICHTER (IL Bar # 6310011)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
jbarz@rgrdlaw.com
frichter@rgrdlaw.com

Attorneys for Intervenor and Court-Appointed
Lead Plaintiff Mohammad Bozorgi

- 15 -

4894-4282-5400.v4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 23, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*/s/ Rachel Jensen*
RACHEL L. JENSEN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  rachelj@rgrdlaw.com

4894-4282-5400.v4

Case 1:24-cv-00590-DAE Document 37.1.1 Filed 04/23/24 Page 21 of 21

## Mailing Information for a Case 1:24-cv-00977 Baker v. Cassava Sciences, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Michael Scott Campbell**
  SCampbell@gibsondunn.com

- **Lori Ann Fanning**
  LFanning@MillerLawLLC.com,MMiller@MillerLawLLC.com,ajewell@millerlawllc.com,drobinson@millerlawllc.com,JRamirez@millerlawllc.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Rachel L. Jensen**
  rachelj@rgrdlaw.com,E_File_SD@rgrdlaw.com,tdevries@rgrdlaw.com

- **Kevin A. Lavelle**
  klavelle@rgrdlaw.com,E_File_SD@rgrdlaw.com,mrossi@rgrdlaw.com,RachelJ@rgrdlaw.com,bengfelt@rgrdlaw.com,kmccormack@rgrdlaw.com,JDaniels@rgrdlaw.c

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Monica Kathleen Loseman**
  MLoseman@gibsondunn.com,LApodaca@gibsondunn.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Jayvan Errol Mitchell**
  jaymitchell530@gmail.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)